## *In re* KIRBY.

1. Where judgment has been rendered against a party for costs, and he claims none should have been awarded, his remedy is by a motion to have the judgment itself modified, and not by an appeal from the taxation of costs.

2. When an attorney has been convicted of crime in the United States district court, it is a sufficient cause for his disbarment as an attorney by a state court, notwithstanding an appeal has been taken and is pending from the conviction in the United States court.

(Opinion filed Jan. 22, 1898.)

On petition for rehearing. Denied.

For former opinion see 10 S. D. 338, 73 N. W. 92.

*C. G. Hartley* and *A. B. Kittredge*, for accusers.

*Joe Kirby*, in *pro. per.*

HANEY, J. Heretofore a decision was rendered herein disbarring the accused because of his conviction in the United States district court. In re Kirby, 10 S. D. 338, 73 N. W. 92. He now appeals from the clerk's taxation of costs in favor of the accusers, and petitions for a rehearing. In Kirby v. McCook Co. Cir. Ct. 10 S. D. 197, 72 N. W. 461, this court clearly indicated the practice where a judgment has been rendered for costs and the opposite party claims none should have been

awarded. In such cases the party aggrieved should move to have the judgment itself modified, and not appeal from the taxation on the ground that no costs should be taxed. For this reason the action of the clerk should be affirmed. Beyond this, the judgment in favor of the accusers is right, as they are the persons who instituted the proceeding, and are entitled to recover such disbursements as they have made and as are provided for in the statute. Comp. Laws, § 5189. All the items allowed by the clerk being justified by the section cited, the taxation in this proceeding in all respects is confirmed.

In support of the contention that the court erred in holding that a conviction was had within the meaning of Comp. Laws, § 473, notwithstanding the writ of error and supersedeas, accused insists that where conviction for crime constitutes a cause for divorce one cannot be obtained for this cause while the criminal action is pending on appeal. It needs no argument to show the essential difference between the consequences of divorce and disbarment; but, assuming that there is no distinction in principle, there is such conflict in the authorities regarding the meaning of "conviction" as a cause for divorce that, were that question before the court, it would be justified in taking the view deemed most consonant with sound reason. In Iowa divorce cannot be obtained for this cause while the criminal action is pending on appeal. Vinsant v. Vinsant, 49 Iowa 639; Rivers v. Rivers, 60 Iowa 378, 14 N. W. 774; Id., 65 Iowa 568, 22 N. W. 679. A different doctrine prevails in Massachusetts and New Hampshire. Cone v. Cone, 58 N. H. 152; Handy v. Handy, 124 Mass. 394. Under a statute providing that a sentence of imprisonment for life shall dissolve the marriage of the person sentenced, without any judgment of divorce or other legal process, it was recently held, in Wisconsin, that such a sentence operated to dissolve the marriage when rendered, although it was subsequently reversed for error on appeal. State v. Duket (Wis.) 63 N. W. 83. In support of the contention that conviction in the federal court

is not a cause for disbarment in the state court, attention is again called to the statement that Thomas Addis Emmet, a brother of the famous Robert Emmet, was admitted to practice by the New York court of appeals and the supreme court of the United States, after conviction of treason in England, and sentence of death, which was later commuted to banishment from British soil. Conceding its historic accuracy, the relevancy of this statement is not apparent, as it does not appear that Emmet's conviction was considered by either of the courts which admitted him to practice. If accused is, in fact, innocent of the crime of which he was convicted, his situation is indeed unfortunate; if he is, in fact, guilty, it is equally, if not more unfortunate; but in neither event is this court responsible for his conviction or conduct, and if it shall ever appear that he was, in fact, not guilty of the crime charged, no court will, in the absence of other valid objections, decline to restore his rights as an attorney and counselor at law. All the matters mentioned in the petition for a rehearing which merit attention have been carefully considered, with the result that the court is compelled to adhere to the views expressed in its former decision, and the petition is denied.