SORENSON V. DONAHOE.

1. When costs are improperly taxed against a party, his remedy is by a motion to have the judgment modified, and not by appeal.

2. Where an action is based on affidavits only, and no case is made or served, nor in fact necessary, an allowance in a bill of costs for "making and serving case" is erroneous.

3. Where the record on appeal consists of affidavits and orders only, and no bill of exceptions or statement of the case is required, an item in plaintiff's bill of costs for stenographer's fees to perfect appeal record and resisting appellant's motion" will not be allowed, when charged for stenographer's services in the trial court.

4. Stenographer's fees in preparing affidavits in the appellate court cannot be allowed in a bill of costs.

5. When an additional abstract is necessary to properly present questions involved to an appellate court, an item for printing the same is a proper charge in a bill of costs.

(Opinion filed September 7, 1899.)

Appeal from Minnehaha county court. Hon. W. A. WILKES, Judge.

Action by Louis Sorenson against Den Donahoe. From a taxation of costs in favor of plaintiff, defendant appeals. Modified.

*G. R. Krause* and *Ivan W. Goodner*, for appellant.

*P. J. Rogde* and *C. P. Bates*, for respondent.

HANEY, J. In this appeal from the clerk's taxation of costs, appellant objects to any costs or disbursements being allowed respondent, for the reason that the judgment below was modified, and he specially objects to these items: (1) Making and serving case, $7; (2) stenographer's fees to perfect appeal record and resisting appellant's motion, $10; and (3) printing additional abstract, $7.

The general objection is untenable. Where judgment has been rendered against a party for costs, and he claims none should have been awarded, his remedy is by a motion to have the judgment itself modified, and not by an appeal from the

taxation of costs.    In re Kirby, 10 S. D., 414, 73 N. W., 907. And the judgment of this court should not be modified.    When a judgment is affirmed in part and reversed in part, the costs are in the discretion of the court.    Comp. Laws § 5193.    Such discretion was properly exercised.    The judgment of the court below was modified in only a slight degree, no substantial right being affected thereby, 11 S. D. 603; 79 N. W., 998.

Nothing should be allowed for "making and serving case," for the reason that none was made or served, and none was necessary; the action of the county court having been based upon affidavits.

The second contested item is indefinite.    It seems to embrace two distinct matters; one relating to the court below, the other to proceedings in this court.    The stenographer could not have been properly employed to perfect the appeal record, because it consists of affidavits and orders, and no bill of exceptions or statement of the case was required.    If it relates to the preparation of affidavits in this court, we are aware of no law under which the item can be allowed.

We think the additional abstract was necessary, to properly present the questions involved, and that the item should be allowed.    The clerk is therefore directed to deduct $17 from the amount taxed in favor of respondent, and in all other respects the taxation is affirmed.