[File No. 6630.]

HENRY WALLACE, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, and Commissioners Thereof R. H. Walker, Chairman, W. E. Berwman, and P. B. Sullivan; J. E. Pfeifer, Secretary, and A. M. Kuhfeld, Attorney, and All Other Employees of Said Bureau, Appellants.

(293 N. W. 192.)

Opinion filed July 8, 1940.

*Alvin C. Strutz*, Attorney General, and *A. M. Kuhfeld*, for appellants.

*L. J. Wehe*, for respondent.

BURR, J. This is an appeal from an order of the district court denying a motion to vacate and modify a judgment entered upon remittitur from this court.

Heretofore the district court, on application of the plaintiff, issued a writ of mandamus, ordering the examination of certain records and documents in the possession of the bureau, with costs to plaintiff in the sum of $29.80. Upon appeal, the action of the district court was affirmed. Wallace v. North Dakota Workmen's Comp. Bureau, 69 N. D. 165, 284 N. W. 420.

In the remittitur this court "Ordered, That this cause be and it is hereby remanded to the district court for further proceedings according to law, and the order of this court."

Further we "Adjudged, That Respondent (Wallace) have and recover of the Appellants (The Bureau) costs and disbursements on this appeal expended, to be taxed and allowed in the district court."

Upon this remand the district court ordered judgment for the plaintiff for "costs and disbursements on appeal . . . and also the further costs and disbursements had and incurred since the entry of judgment herein . . ." ; and "Further Ordered and Adjudged, That the plaintiff do have and recover of and against the defendants, also a judgment and taxed herein as part of his costs and disbursements as and for the payment of his attorney's fees the further sum of $200 for the trial of this action in this court and in the supreme court by his said attorney. . . ."

The court ordered the clerk to add this sum of $200 to the judgment entered in the district court in the original proceedings.

Thus the judgment on remittitur included not only the item of $29.80—the costs allowed the plaintiff on the mandamus proceedings in the district court—and $44 as the costs and disbursements on the appeal to this court, but also the sum of $200 as and for attorneys' fees under the order of the district court after the determination of appeal in this court.

Apparently this judgment was entered without notice to the defendants. The plaintiff served notice of retaxation of costs, and specified therein that judgment had been entered on the remittitur in the sum of $273.80, "which sum includes the costs herein taxed by the clerk of said court."

The notice further states, "You will please take notice that the plaintiff in the above entitled action will move the Clerk of said Court for the retaxation of costs in the above entitled action, according to the statement of costs and disbursements herein served upon you in the sum of $44 at the Office of the said Clerk of Court . . . and that attached hereto and made a part of this Notice is a Statement of the Costs and Disbursements, together with a copy of the Order for Judgment and the Judgment as entered herein."

The defendants failed to appear, and the clerk retaxed costs in the sum of $44.

The defendants served notice of ·a "Motion to Vacate and Modify Judgment on Remmittitur as to Costs, and to Retax Costs," based upon two grounds—the taxation of an item of $7 (later abandoned); and the ordering of judgment by the court and the entry of judgment in the sum of $200 for attorneys' fees, alleging: "The allowance . . . is wholly illegal and without warrant in law and without any statutory basis therefor."

The court denied the motion, and defendants appealed, specifying as error the entry of that portion of the judgment on remittitur which gave to the plaintiff additional judgment for $200 as attorneys' fees, and "denying the motion of the defendants to vacate and modify the judgment on remittitur as to costs, and to retax costs."

Plaintiff urges that as the judgment entered on the remittitur allowed $200 attorneys' fees; as the defendants herein failed to appear at the retaxation of costs; and as the attorneys' fees as fixed by the trial court were allowed as costs, the default of the defendants estops them from moving to have the judgment modified; that the district court had no jurisdiction to entertain any motion to vacate and modify the judgment; and "this being a mandamus action and special proceeding that the court had power to allow and tax the costs and attorney fees as allowed, under general statutory provisions, if not under the Workmen's Compensation Act; . . ."

· Where a case is remanded to the district court and judgment is entered on remittitur with taxation of costs by the clerk, and the defeated party is dissatisfied with the retaxation, his remedy is a motion in the district court to modify the judgment.

Section 7802, Compiled Laws, gives the district court power to re-

view a retaxation of costs upon motion, and in his order "made upon such motion may allow or disallow any item objected to before the taxing officer, in which case it has the effect of a new taxation." Such action of the clerk is reviewable by the court that orders the judgment. See Re Kirby, 10 S. D. 414, 73 N. W. 907, 39 L.R.A. 859; and Sorenson v. Donahoe, 12 S. D. 204, 80 N. W. 179.

Hence, even if we consider the allowance of $200 merely as an item of "costs," the defendants pursued the proper remedy in moving the court to review and modify the judgment that was entered allowing this item.

The sole issue before us is the power of the district court on remittitur to allow the plaintiff the additional sum of $200 as judgment against the defendants to reimburse the plaintiff for attorney's services.

The appellants urge that the trial court on "The Judgment on Remittitur from the Supreme Court cannot, under the law, grant additional relief to that granted in the Judgment appealed from, the Supreme Court having upheld said Judgment in the trial Court and having made no order for additional relief, no attorneys' fees having been allowed to the plaintiff by the trial Court before appeal to the Supreme Court and the costs taxed having included the statutory costs provided under the general statute."

This court, in affirming the decision of the lower court in the mandamus proceedings, ordered judgment for the plaintiff herein for his "costs and disbursements on this appeal expended, to be taxed and allowed in the district court." This means the costs and disbursements allowed by statute upon appeals to the supreme court.

"Costs are purely the creature of statute, and can be awarded only when expressly authorized by law." Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35; Casseday v. Robertson, 19 N. D. 574, 125 N. W. 1045.

Under the provisions of § 7789 of the Compiled Laws the prevailing party may recover as costs and disbursements such sums, and for such matters only, as are specified in the statute; and this section provides: "The amount of fees of attorneys, solicitors, and counsel in civil and criminal actions must be left to the agreement, express or implied, of the parties."

Section 7790 fixes the amounts to be allowed under § 7789. Section 7793 specifies what disbursements may be allowed.

Under § 7794 of the Compiled Laws, costs are recoverable as a matter of course in the various actions and proceedings specified therein; and under the provisions of § 7795 of the Compiled Laws, "In actions other than those specified in § 7794, costs may be allowed for or against either party in the discretion of the court." Sections 7790, 7793, and 7794 make no provision for such allowance as was made here.

In the mandamus proceedings had in the district court there was no allowance of attorneys' fees for the plaintiff under § 7795 of the Compiled Laws, even if that court could allow any sum under the claim of the plaintiff herein. Therefore, on appeal to the supreme court, the question of the allowance of an attorney's fee in the mandamus proceedings before the trial court or this court was not involved. This court on the remittitur made no order of allowance of any attorney's fee, even under the provisions of § 7795.

Consequently, upon the remittitur the plaintiff was entitled only to such costs on appeal as are provided for in § 7794 of the Compiled Laws, in addition to the costs already taxed in the mandamus proceedings appealed from, to wit, the sum of $29.80. That sum was already in the judgment in the mandamus proceedings from which the defendants herein appealed, and was affirmed on appeal, with the costs on appeal.

It will be noticed in the taxation of costs upon remittitur, the plaintiff did not specify the $200 item for attorneys' fees as an item of costs. He specified various items, amounting to $44. He did notify the defendants that judgment was entered on remittitur, increasing the judgment already entered in the sum of $200. That is, he notified the defendants that the district court, upon remittitur, had entered judgment as originally entered by him, which allowed judgment for $29.80, and an additional judgment of $200, together with the costs on the appeal that were to be taxed and allowed by the clerk.

This item of $200 is in effect the alteration by the district court of the judgment as entered here. The proceedings appealed from granted a writ of mandamus and entered judgment for the costs of the plaintiff in the sum of $29.80. This was the judgment that was before this court on the appeal. This was the judgment that was reviewed by

this court. This was the judgment that was affirmed by this court; and the remittitur directed the district court to re-enter its judgment with the costs allowed by statute, or by this court on the appeal.

This court made no provision or authorization for the entry of a judgment for attorneys' fees. This court made no modification of the judgment appealed from in this respect.

Plaintiff alleges that under the provisions of § 7795 of the Compiled Laws, referred to already, "costs may be allowed for or against either party in the discretion of the court."

But there was no room for such exercise of discretion by the district court in entering the judgment upon remittitur. The district court is required to follow the decision of the supreme court and enter judgment accordingly. It has no right to add to or subtract from such judgment.

The mandate of this court disposed of all the matters that were in controversy; and therefore, the district court had no discretion; but was required to enter a judgment in compliance with the decree of this court. See Patterson Land Co. v. Lynn, 51 N. D. 329, 199 N. W. 766.

In State ex rel. Wehe v. Frazier, 48 N. D. 381, 184 N. W. 874, we show, "It is the duty of the lower court, on the remand of a case, to comply with the mandate of the appellate court and to obey the directions therein."

In this case, entry of the judgment was merely a formal matter, with the allowance of the costs on appeal.

Plaintiff claims, however, that under the provisions of § 396a17 of the Supp., as amended by § 6, chap. 286 of the Session Laws of 1935, in proceedings brought against the bureau "The cost of such proceedings, including a reasonable attorney's fee is to the claimant's attorney to be fixed by the trial judge, shall be taxed against the bureau, which fee shall cover and constitute the entire remuneration for the claimant's attorney for all services in connection with such appeal, it being the intention to relieve the claimant of all expenses for attorney fees."

Plaintiff, under this provision, insists that the allowance by the district court was correct.

Plaintiff is not entitled to any attorneys' fees under the statute he

invoked. An examination of this § 396a17 Supp., as amended, reveals that it provides for a reasonable attorney's fee in cases where the "final action of such bureau denies the right of the claimant to participate at all in the workmen's compensation fund," on certain grounds enumerated therein. Where this is the action of the bureau and on appeal it is found the bureau was in error, then the trial court may allow and tax against the bureau "a reasonable attorney's fee to the claimant's attorney."

The original proceedings in the lower court did not involve any action of the bureau in denying the right of the claimant to participate in the fund. Clearly, the provisions of § 396a17, Supp., as amended, do not apply to the case at bar.

As heretofore shown, costs are purely the creature of statute. Consequently, the rule set forth in 71 C. J. 1399—"An allowance for an attorney's fee cannot be made unless expressly authorized by the compensation act, and then only in the proceeding in which the statute authorizes the allowance"—is applicable here. In Texas Employers' Ins. Asso. v. Nunamaker (Tex. Civ. App.) 278 S. W. 889, 892, it is shown that attorneys' fees are recoverable in compensation cases in those proceedings only where recovery is allowable under the statute. Even where the trial court is authorized to allow attorneys' fees, its power "is limited to the method and to the percentages set forth in the statute." State ex rel. Gordon v. Industrial Commission, 129 Ohio St. 212, 215, 194 N. E. 418, 419.

The district court, therefore, had no right to increase the amount of the judgment appealed from. Hence, its action was erroneous, whether acting under the provisions of § 396a17, Supp., as amended, or under the provisions of § 7795 of the Compiled Laws. Therefore, the motion to modify that judgment should have been granted.

The district court will modify the judgment entered on remittitur by striking therefrom this allowance of $200, and as thus modified, the judgment will be affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, and BURKE, JJ., concur.