MEDICAL PROPERTIES, Inc., a corpora-
tion, Applicant and Respondent,

v.

NORTH DAKOTA BOARD OF PHARMACY,
Harlan B. Black, Dan Baillie, O. S. Trom,
James W. Moore, and George Salaba, be-
ing all of the members of such Board, Ap-
pellants.

No. 7609.

Supreme Court of North Dakota.

Dec. 19, 1956.

cal Properties, Inc., a corporation, hereinafter referred to as the applicant, petitioned the North Dakota Board of Pharmacy, hereinafter referred to as the Board, for a permit to establish, operate and maintain a pharmacy in the Dakota Clinic at Fargo, North Dakota, as provided by Section 43-1534, NDRC 1943, as amended by Chapter 290, S.L.1949.

The undisputed evidence shows that the applicant is a corporation organized in connection with the Dakota Clinic. The stockholders of the corporation are the manager and the doctors of the clinic. None of them are pharmacists. The purpose is to provide a pharmacy for the convenience of the patients of the clinic, especially the handicapped ones, so that they can have their prescriptions filled within the building if they desire. The pharmacy is to be operated by a registered pharmacist and under the rules provided by law and the regulations of the Board.

The Board denied the application for a permit on the ground that the applicant was ineligible to operate a pharmacy or drugstore within the City of Fargo because its stockholders were not duly registered pharmacists as required by Rule (k) of the regulation of the Board, and further that the proposed pharmacy did not meet with the requirements of Rule (1) of said regulations and that no circumstances existed to waive such requirements.

The district court on appeal by the applicant found that the regulation (k) is not authorized under the statutes of the State of North Dakota, and, therefore, invalid and void; that regulation (1) is unreasonable and, therefore, invalid and void; that the determination of the Board denying the applicant a permit to operate the pharmacy is not in accordance with the law. The court, thereupon reversed such determination of the Board and directed that the permit to operate a pharmacy be granted to the applicant.

From this determination the Board appeals and assigns as error the findings and

Nilles, Oehlert & Nilles, Fargo, for appellants.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for respondent.

GRIMSON, Judge.

This matter comes before the court under the Administrative Agencies, Uniform Practice Act, Chapter 28-32. The Medi-

conclusions of the court and asks for a trial de novo. The questions raised are the validity of Regulations (k) and (*l*).

■ The Board of Pharmacy is an administrative agency. Sec. 28–3201, NDRC 1943. Its duties are to administer the laws of North Dakota regarding pharmacies and drugstores. Chapter 43–15, 1943. It has authority to promulgate reasonable rules and regulations in conformity with the provisions of any statute administered by such agency and to prescribe methods and procedure required in connection therewith.

The powers of the Board of Pharmacy are specifically stated in Section 43–1510, NDRC 1943. Subsection 9 thereof gives it the right "to prescribe rules and regulations in regard to granting permits and renewals for establishing and operating pharmacies."

In regard to issuing permits for operating a pharmacy the Board had duly passed Rule (k) which as far as material in this action reads as follows:

"(k) The Board of Pharmacy of the State of North Dakota shall hereafter refuse to grant a permit or license for the operation of pharmacies or drugstores in the State of North Dakota to individuals who are not owners thereof and who are not registered pharmacists in the State of North Dakota or to corporations which are not owned and controlled by pharmacists registered in the State of North Dakota, unless the issuance of permits to other individuals or corporations is a necessity from the standpoint of public health and welfare."

The Board denied the application because the applicant corporation was not owned and controlled by pharmacists as required by this rule (k). The applicant claims that such regulation is legislative and beyond the power of the Board to enact.

■ Under the statutes the Board has power to make rules only for the administration of the duties assigned to it by the statute. The Board has no right to make a rule include any substantive matter not included in the statute under which it is acting. Any such new matter would constitute legislation.

■ The legislative power of the government is vested exclusively in the legislature. The legislature cannot delegate that power to any other body. It is a basic rule of administrative law that administrative regulations which go beyond what the legislature has authorized are void. Wilder v. Murphy, 56 N.D. 436, 218 N.W. 156; State ex rel. Rusk v. Budge, 14 N.D. 532, 105 N. W. 124; 11 Am.Jur., Constitutional Law, Sec. 214, p. 921; Crawford, Statutory Construction, Delegation of Legislative Power, Section 15, p. 24; Rhea v. Board of Education, 41 N.D. 449, 171 N.W. 103; State ex rel. Miller v. Taylor, 27 N.D. 77, 145 N.W. 425; 42 Am.Jur., Public Administrative Law, Sec. 100, p. 429; Manhattan General Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528; United States v. George, 228 U.S. 14, 33 S.Ct. 412, 57 L.Ed. 712.

■ Section 43–1532, NDRC 1943, provides who may engage in the drug business. No conditions of ownership are made. Section 43–1534, NDRC 1943, provides that no person, "copartnership, association, or *corporation* shall open, establish, operate, or maintain any pharmacy within this state without first obtaining a permit so to do from the board." Section 43–1535 provides the proof necessary for the issuance of a permit. Some of those requirements are stated in Subsection 5 as follows: That "the person, copartnership, association and *corporation* applying for the permit or renewal is qualified to conduct the pharmacy." (Emphasis ours.)

It will be noticed that in neither of those sections is there any limitation of the term "corporations." The ownership thereof is

not mentioned. Any corporation may apply for a permit to establish and maintain a pharmacy under the statute.

■ The regulation attempts to prescribe the kind of corporation that may apply for a permit to maintain a pharmacy. It establishes a qualification for a corporation to own a drugstore not prescribed by statute. It makes it a condition that any corporation applying for a permit must be owned by pharmacists. That limits the provision of the statute. It bars certain corporations from owning a pharmacy. The statute does not give the Board the right to make ownership of the stock a condition for the issuance of a permit to a corporation. The statute says that corporations irrespective of stock ownership may apply for a permit and operate a pharmacy if otherwise qualified. The Board has no authority to make a limitation in that right of a corporation. It is a new feature affecting property rights and ownership and amounts to new legislation.

In 42 Am.Jur., Public Administrative Law, Sec. 100, p. 358, 360, the law on that matter is. stated as follows:

"Since the power to make regulations is administrative in nature, legislation may not be enacted under the guise of its exercise by issuing a 'regulation' which is out of harmony with, or which alters, extends, or limits, the statute being administered, or which is inconsistent with the expression of the lawmakers' intent in other statutes. The administrative officer's power must be exercised within the framework of the provision bestowing regulatory powers on him and the policy of the statute which he administers. He cannot initiate policy in the true sense, but must fundamentally pursue a policy predetermined by the same power from which he derives his authority. Thus, where a right is granted by statute, the officer administering such statute may not by regulation add to the conditions of that right a condition not stated in the statute, nor may he bar from that right a person included within the terms of the statute, even though such inclusion is not express, but only by judicial contruction." See also Rhea v. Board of Education, 41 N.D. 449, 454, 171 N.W. 103; Seher v. Woodlawn School District, No. 26, 79 N.D. 818, 827, 59 N.W.2d 805, 809; United States v. United Verde Copper Co., 196 U.S. 207, 25 S.Ct. 222, 49 L. Ed. 449.

In South Dakota the law, SDC 27.1407, provided that an embalmer or funeral director properly licensed in another state could, on application for a license in South Dakota, be admitted by the State Board of Embalmers and Funeral Directors without examination. A rule adopted by the Board provided that such applicant must have also practiced for two years in the other state immediately preceding the filing of his application. The court in the case of Cavanagh v. Coleman, 72 S.D. 274, 33 N.W.2d 282, 284, held:

"The board within limits is authorized to adopt rules and regulations. SDC 27.1403, as amended by Chap. 102, Laws 1939, § 3 and Chap. 124, Laws 1947. The authority conferred is administrative, not legislative, and rules adopted in contravention of the statute are invalid. In re Dakota Transportation, [Inc., of Sioux Falls], 67 S.D. 221, 291 N.W. 589. Nowhere in the statute governing the licensing of embalmers and funeral directors is it provided that the holder of a license in another state, to be entitled to a license without examination, must have been engaged in the occupation of an embalmer or funeral director for a period of not less than two years before making application in this state and reciprocity is not a condition imposed by statute. The board is without power to add to the statutory requirements. It cannot impose upon an applicant the two-year requirement." .

The court has come to the conclusion that regulation (k) of the Board of Pharmacy is legislative and beyond its power and authority to make and therefore void.

There being no statute in this state requiring a corporation to be controlled by stockholders who are pharmacists in order to be eligible to own and control pharmacies, we are not confronted with the question of the constitutionality of such a statute and it is consequently improper to express an opinion concerning the same. Neither is there any warrant for the application of the police power in support of regulation (k).

The Board also bases its refusal of a permit to the applicant upon its failure to conform to regulation (*l*) which reads as follows:

"(*l*) No pharmacy shall be licensed hereafter unless (1) the space which it occupies has an entrance which affords the public direct access from the street, (2) the space which it occupies is separated from the remainder of the building in which it is located by walls extended from the floor to the ceiling, which walls may contain doors to the interior of the building which may be closed and locked when the pharmacy is not in charge of a registered pharmacist, and (3) the space which it occupies contains no less than 400 square feet."

It may, perhaps, be said that that regulation comes within the rule making authority of the Board in that it is a regulation bearing on the conduct of the pharmacy. The question is, however, whether that is a reasonable regulation.

■ A regulation to be valid must not only be consistent with the law but it must be reasonable. International Railway Co. v. Davidson, 257 U.S. 506, 509, 42 S.Ct. 179, 66 L.Ed. 341; State v. Cromwell, 72 N.D. 565, 578, 9 N.W.2d 914.

■ The provision of regulation (*l*) that no pharmacy shall be licensed which occupies less than 400 square feet of floor space and the provision which requires the public to be afforded direct access to the pharmacy from the street are clearly arbitrary and unreasonable. It is apparent that "pharmacy" as used in the regulation means what is commonly called a drugstore not the prescription case where prescription drugs are kept and dispensed. Under the regulation one drugstore with sufficient overall space may operate as a general merchandise emporium and devote a small cubby-hole of much less than 400 square feet at the rear of the store to its prescription case while a true pharmacy which deals in prescriptions exclusively must have 400 square feet of space in which to store drugs and compound prescriptions. Such a regulation is discriminatory and has no reasonable relationship to public health and safety. The regulation that the public must be afforded direct access to the pharmacy from the street is on its face unreasonable. Certainly if the pharmacy is in other respects a proper place for dispensing drugs, the fact that its entrance is from an arcade, a hotel lobby or a corridor in a railroad station does not in any respect affect its character as a proper place to sell drugs or prescriptions. The regulation is, therefore, invalid.

The court has come to the conclusion that both regulations (k) and (*l*) are void.

The decision of the district court is affirmed.

BURKE, C. J., and JOHNSON, MORRIS, and SATHRE, JJ., concur.