SHAW, Judge.
The appellants claim that the deputy commissioner has misconstrued Dolphin Tire Co. v. Ellison, 402 So.2d 36 (Fla. 1st DCA 1981), as requiring the employer/carrier to pay attorney’s fees under section 440.-34(2)(c), Florida Statutes (1979), when “the major part of the claim is contested and the claimant prevails.” We agree with appellants and reverse. In Dolphin Tire fees *1135 were awarded because the carrier denied that the claimant suffered a compensable catastrophic injury as defined by section 440.15(2)(b), Florida Statutes (1979), and the claimant prevailed in obtaining compen-sable benefits. Dolphin Tire construed the controversion of the catastrophic loss claim as a denial of an injury for which compensation benefits were payable, not as the denial of attendant benefits to a compensa-ble injury.
The claimant urges, under the rationale of Dolphin Tire, supra, that an attorney’s fee is sustainable where the carrier accepts the injury as compensable but denies that there has been a wage loss. On the contrary, the case cautions against a construction that would authorize an attorney’s fee “where the only issue is over the average weekly wage or some other incidental benefit where the carrier does not deny that an injury occurred for which benefits are payable and the claimant is not forced to prove his injury and entitlement to compensation.” Id. at 37. The fact that some benefits were denied does not justify an attorney’s fee award under section 440.-34(2)(c), especially where, as here, the employer/carrier paid temporary total disability benefits until the date of maximum medical improvement. See Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981); City of Miami v. Wright, 414 So.2d 24 (Fla. 1st DCA 1982); E. C. Goldman Roofing and Risk Management Services, Inc. v. Rogers, 418 So.2d 426 (Fla. 1st DCA 1982). Wage loss is an incidental benefit, the denial of which does not constitute denial of a compensable injury for which the employer/carrier is liable.
REVERSED.
ROBERT P. SMITH, Jr., C. J., and ERVIN, J., concur.