**Dale H. MOORE, Appellant,**

v.

**NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellee.**

**Civ. No. 10920.**

Supreme Court of North Dakota.

Sept. 4, 1985.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for appellant; argued by Steven L. Latham, Bismarck.

Dean J. Haas, Asst. Atty. Gen., North Dakota Workmen's Compensation Bureau, Bismarck, for appellee.

LEVINE, Justice.

Dale H. Moore appeals from a district court judgment affirming an order of the North Dakota Workmen's Compensation Bureau [Bureau] which denied his request for a lump sum settlement under § 65–05–25, N.D.C.C., and also denied his request for payment of attorney fees for legal representation before the Bureau in seeking the lump sum settlement. Moore's sole contention on appeal is that the Bureau erred in denying his request for attorney fees. We agree, and accordingly reverse the judgment insofar as it denies his request for attorney fees for both representation before the Bureau and on the appeal.[1]

1. There is a discrepancy between the district court's judgment and order for judgment in this case. The court's order for judgment, signed by the judge and filed on October 30, 1984, affirms

On November 21, 1980, Moore injured his back during the course of his employment with Scott Drilling, Inc. Moore has been unable to return to work, and he has received workmen's compensation medical and disability benefits since the date of his injury.

During September 1982, Moore retained legal counsel to assist him in negotiating with the Bureau for payment of a lump sum representing the present value of all future payments of compensation, or a lump sum stipulation pursuant to § 65–05–25, N.D.C.C. Ultimately, by order dated June 6, 1984, the Bureau denied Moore's request for a lump sum settlement, determining that a lump sum payment would not be in his "best interests." The Bureau also denied Moore's request for attorney fees, concluding that Moore's claim had not been "denied or reduced," a prerequisite for payment of attorney fees under § 92–01–02–11 of the North Dakota Administrative Code. The Bureau reasoned that because Moore continues to receive periodic benefits, and because a lump sum payment would be equal to the present value of all future benefits Moore would have received, it has not in effect "denied or reduced" Moore's claim.

It is unnecessary for us to determine whether or not Moore's claim has been "denied or reduced" within the meaning of § 92–01–02–11, N.D.A.C., because we conclude that the Bureau has no statutory authority to impose such a restriction on the payment of attorney fees to a claimant seeking a lump sum settlement under § 65–05–25, N.D.C.C.

Section 65–02–08, N.D.C.C., which authorizes payment of a claimant's attorney fees for proceedings before the Bureau, provides:

"*65–02–08. Rulemaking power of the bureau—Fees prescribed by bureau.* The bureau shall make, promulgate, and enforce such rules, not inconsistent with the provisions of this title, as may be necessary to carry out the provisions of this title. *All fees on claims for legal,* medical, and hospital *services rendered under this title to any claimant shall be in accordance with schedules of fees adopted or to be adopted by the bureau. The bureau shall specify the amount allowable for* court reporter and *attorney's fees in proceedings before the bureau and shall pay the same from the bureau general fund.* Such attorney's fees shall constitute the entire remuneration for the claimant's attorney for all services before the bureau. Nothing provided herein shall be construed to prevent a claimant or employer from hiring or paying his or her own attorney." [Emphasis added.]

Under the authority granted by § 65–02–08, N.D.C.C., the Bureau has promulgated § 92–01–02–11, N.D.A.C., which provides:

"92–01–02–11. ATTORNEYS. Any party shall have a right to be represent-

---

the Bureau's decision denying Moore a lump sum payment and also provides:

"IT IS FURTHER ORDERED that the appellant, Dale Moore, is entitled to attorney's fees for representation before the Bureau and is further entitled to attorney's fees in the amount of $1,000 for the appeal, pursuant to Section 65–10–03 N.D.C.C."

The court's judgment, signed by the clerk of court and filed on December 13, 1984, provides that "the order of the North Dakota Workmen's Compensation Bureau as entered on the 6th day of June, 1984, [is] hereby in all things affirmed." The Bureau's order denied Moore a lump sum payment and also denied his request for attorney fees for representation before the Bureau. Moore made no effort before the district court to have the judgment amended to conform to the order for judgment. *See* Rule 60, N.D.R.

Civ.P.; *Gruebele v. Gruebele,* 338 N.W.2d 805 (N.D.1983); *see also Klinefelter v. Anderson,* 59 N.D. 417, 230 N.W. 288 (1930) [court has authority to amend judgment to conform to the order for judgment].

Although this situation is somewhat puzzling, it is of no consequence to the validity of this appeal. The judgment, rather than an interlocutory order for judgment, is the final document from which an appeal may properly be taken [*e.g., Fey v. Fey,* 337 N.W.2d 159 (N.D.1983) ], and therefore it is the judgment, rather than the order for judgment, that controls when a conflict exists. Moreover, in an appeal from a decision of an administrative agency, we review the decision of the administrative agency rather than the decision of the district court. *E.g., Application of Skjonsby Truck Line, Inc.,* 357 N.W.2d 227, 230 (N.D.1984).

ed by an attorney at any stage in the proceedings regarding a claim. *Attorney's fees for the claimant only will be paid by the bureau from the time a claim is denied or reduced* and at a rate set by the bureau. The bureau may deny attorney's fees upon a finding that a claim or appeal is frivolous. The attorney shall file a notice of legal representation prior to or together with the attorney's first communication with the bureau." [Emphasis added.]

It is a basic rule of administrative law that an administrative regulation may not exceed statutory authority or supersede a statute, and that a regulation which goes beyond what the Legislature has authorized is void. *Steele v. North Dakota Workmen's Compensation Bureau,* 273 N.W.2d 692, 701 (N.D.1978); *Medical Properties v. North Dakota Board of Pharm.,* 80 N.W.2d 87, 89 (N.D.1956). The rationale for this principle is that allowing an administrative agency to promulgate rules which include substantive matters not included in the statute under which it is acting constitutes an improper delegation of legislative power. *Medical Properties, supra.*

In *Medical Properties, supra,* 80 N.W.2d at 90, this court stated:

" 'Since the power to make regulations is administrative in nature, legislation may not be enacted under the guise of its exercise by issuing a "regulation" which is out of harmony with, or which alters, extends, or limits, the statute being administered, or which is inconsistent with the expression of the lawmakers' intent in other statutes. The administrative officer's power must be exercised within the framework of the provision bestowing regulatory powers on him and the policy of the statute which he administers. He cannot initiate policy in the true sense, but must fundamentally pursue a policy predetermined by the same power from which he derives his authority. Thus, where a right is granted by statute, the officer administering such statute may not by regulation add to the conditions of that right a condition not stated in the statute, ...' " [quoting 42 Am.Jur. *Public Administrative Law* § 53, at pp. 358–360 (1942)].

Section 65–02–08, N.D.C.C., provides that the Bureau shall pay a claimant's attorney fees incurred "in proceedings before the bureau...." The statute does not differentiate between types of proceedings in which attorney fees are authorized, nor can it be interpreted to limit the claimant's right to attorney fees to situations in which the Bureau has either "denied or reduced" a claim.

The Bureau appears to find aid and comfort in this court's decision in *Wallace v. Workmen's Compensation Bureau,* 70 N.D. 193, 293 N.W. 192 (1940). In *Wallace, supra,* 70 N.D. at 200, 293 N.W. at 195, the court held that, under § 396a17 of the Compiled Laws of North Dakota, the predecessor statute to § 65–10–03, N.D.C.C., reasonable attorney fees are allowable only to a claimant who prevails on appeal in "cases where the 'final action of such Bureau denies the right of the claimant to participate at all in the Workmen's Compensation Fund.' "

*Wallace* provides no support for the Bureau's position not only because it addressed the statutory scheme for assessing attorney fees on an appeal from a Bureau decision, but because the form of the statute at issue in that case is no longer in existence. Attorney fees on an appeal from a decision of the Bureau are currently authorized by § 65–10–03, N.D.C.C, and under its terms they can be denied only if "the appeal is determined to be frivolous." Under our present statutory scheme, *Wallace* does not provide the Bureau the authority to deny attorney fees in cases where it has neither denied or reduced a claim.

The Bureau also asserts that the terms of the lump sum settlement statute support its denial of attorney fees in this case. Section 65–05–25, N.D.C.C., provides in pertinent part:

*"65-05-25. Lump sum settlement—Granted in discretion of bureau—How computed.* The bureau, if it determines it is in the best interest of the claimant, may pay a lump sum equal to the present value of all future payments of compensation or a lump sum stipulated to by the claimant after an opportunity to seek legal counsel."

The Bureau argues that the phrase, "or a lump sum stipulated to by the claimant after an opportunity to seek legal counsel," establishes that attorney fees are allowable only when a claimant seeks a stipulated settlement, and not when the claimant seeks "a lump sum equal to the present value of all future payments of compensation...." This contention is without merit.

Section 65-05-25, N.D.C.C., does not address the subject of attorney fees, but merely allows the Bureau, under certain circumstances, to make a lump sum payment to a claimant. This construction is supported by the explicit terms of the statute as well as its legislative history.

The phrase, "or a lump sum stipulated to by the claimant after an opportunity to seek legal counsel," was added as an amendment to the statute by the Legislature in 1977. *See* 1977 N.D.Sess.Laws Ch. 579, § 19. The legislative history of the amendment reveals that it was not prompted by any concern to differentiate between instances in which attorney fees shall be paid for claimants seeking a lump sum settlement. Rather, the only intent we can discern for the amendment was to preserve the Bureau's general fund by allowing the Bureau to pay a claimant less than it would otherwise have been required under the statute. *See* Minutes of the Senate Committee on Industry, Business, and Labor, January 19, 1977, Testimony on S.B. 2158, Drafter's Notes at p. 7. ["The 'lump sum' amendment to Section 65-(05-25) would al-low the Bureau to pay a lump sum figure which would be less than mortality tables would indicate. If, for example, a claimant had a disease due to which he was unlikely to live as long as mortality tables indicate, the Bureau could offer him less than the full amount if claimant, after an opportunity to seek legal counsel, stipulated to such an agreement."]

We conclude that § 65-05-25, N.D.C.C., cannot serve as the basis for sustaining the Bureau's denial of attorney fees in this case.[2]

■ The Bureau no doubt has the authority under our statutory scheme to promulgate reasonable rules and regulations for implementing and administering the provisions of our workmen's compensation laws. But that authority does not extend to the promulgation of an administrative regulation, or the application of a regulation in such a fashion, that is wholly inconsistent with the dictates of the Legislature.

■ We hold that the Bureau exceeded its statutory authority by denying Moore attorney fees for representation before the Bureau on his request for a lump sum settlement on the ground that his claim had not been "denied or reduced" under § 92-01-02-11, N.D.A.C. Accordingly, the judgment is reversed insofar as it denies Moore's request for attorney fees for both representation before the Bureau and on the appeal. The case is remanded to the Bureau for a determination of the amount of attorney fees to which Moore is entitled pursuant to § 65-02-08, N.D.C.C., and is further remanded to the district court for the purpose of setting attorney fees incurred by Moore in his appeal to that court pursuant to the provisions of § 65-10-03, N.D.C.C. *See generally Steele v. North*

---

**2.** The Bureau asserts that *Krause v. Sears Roebuck & Co.,* 197 Mont. 102, 641 P.2d 458 (1982), and *West Florida Hospital v. Washington,* 418 So.2d 1134 (Fla.Dist.Ct.App.1982), support an argument that no attorney fees should be allowed in connection with "collateral issues such as a lump summing." The decisions in *Krause* and *West Florida Hospital* are based on Montana and Florida attorney fee statutes that bear no resemblance to the attorney fee statutes under our Workmen's Compensation Act. Therefore, those decisions are not helpful in determining whether or not the Bureau properly denied Moore attorney fees in this case.

*Dakota Workmen's Comp. Bur.*, 273 N.W.2d 692, 696, 703 (N.D.1978).

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.