Arthur C. HAYES, Plaintiff
and Appellant,

v.

NORTH DAKOTA WORKERS
COMPENSATION BUREAU,
Defendant and Appellee.

Civ. No. 870244.

Supreme Court of North Dakota.

June 28, 1988.

Chapman and Chapman, Bismarck, for plaintiff and appellant; argued by Daniel J. Chapman.

Dean J. Haas (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for defendant and appellee.

LEVINE, Justice.

Arthur Hayes appeals from an order of the district court affirming the denial of additional benefits to Hayes by the North Dakota Workers Compensation Bureau (the Bureau). We reverse and remand.

Hayes was injured on August 15, 1983, while working in Wyoming for a North Dakota oil drilling firm. A large chain, weighing several hundred pounds, broke and struck Hayes across the arm and the middle of his back throwing him from a drilling platform to the ground about fifteen feet below.

Hayes filed a claim for benefits which was approved by the Bureau. The Bureau agreed to pay Hayes temporary total disability benefits and all medical expenses in connection with the injury. On October 18, 1984, the Bureau entered an order terminating all further benefits to Hayes. Following a formal hearing, the Bureau entered an order on February 20, 1987, upholding its prior decision to terminate all benefits on the ground that Hayes had failed to prove that he remained disabled. From that order Hayes appealed to the district court which upheld the Bureau's determination. Hayes then filed this appeal from the district court order.

The dispositive issue raised by Hayes on appeal is whether the Bureau's findings are supported by a preponderance of the evidence and support its conclusion that Hayes is not entitled to further benefits. Hayes asserts that as a result of his job-related accident he suffers from lower back pain which constitutes a partial impairment precluding him from performing the same type of heavy labor that he was doing when the accident occurred. The Bureau asserts that Hayes is a malingerer who has failed to demonstrate that he remains disabled as a result of the accident or that he is entitled to any further benefits.

Pursuant to Section 28–32–19, N.D.C.C., we must affirm the Bureau's decision un-

less its findings of fact are not supported by a preponderance of the evidence or its conclusions are not supported by its findings of fact. *Gramling v. North Dakota Workmen's Compensation Bureau,* 303 N.W.2d 323 (N.D.1981). In determining whether an agency's findings of fact are supported by a preponderance of the evidence we do not make independent findings of fact or substitute our judgment for that of the agency, but we determine only whether a reasoning mind could have reasonably determined that the factual conclusions were supported by the weight of the evidence. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214 (N.D.1979).

The claimant has the burden of establishing his or her right to participate in benefits from the Workers Compensation fund. *Steele v. North Dakota Workmen's Compensation Bureau,* 273 N.W.2d 692 (N.D. 1978). If the Bureau terminates benefits, after initially accepting a claim and paying benefits, the claimant has the burden of proving his or her right to continue receiving benefits. *See Gramling, supra,* 303 N.W.2d at 325–326. Although the claimant has the burden of establishing the right to receive benefits, the Bureau must not place itself in a full adversary position to the claimant but is obligated to consider the entire medical record, and if there is conflicting medical evidence, some favorable and some unfavorable to the claimant, the Bureau must adequately explain its reason for disregarding the favorable evidence in denying benefits. *Weber v. North Dakota Workmen's Compensation Bureau,* 377 N.W.2d 571 (N.D.1985); *Steele, supra.*

Hayes was initially treated by Dr. C.R. Phipps of Lander, Wyoming, who concluded that Hayes had two broken ribs and a contusion of the lower back. Dr. Phipps gave Hayes a rib belt and bandaged his arm. A few days later Hayes returned to his home in Spearfish, South Dakota, and sought treatment from Dr. J.S. Nelson, D.C., a chiropractic physician. Hayes complained that as a result of the accident he suffered substantial back pain. Dr. Nelson diagnosed Hayes as having suffered "post-traumatic fracture, acute thoracolumbar strain-sprain with subsequent subluxation."

At the Bureau's request that Hayes be examined by an orthopedist, Hayes was referred by Dr. Nelson to Dr. Dale Berkebile, M.D., an orthopedic surgeon, located in Rapid City, South Dakota. Dr. Berkebile agreed that Hayes suffered a contusion of the back and concluded that Hayes should not return to heavy physical activity. After treating Hayes, Dr. Berkebile concluded in September 1984 that, in his opinion, Hayes "has a 10% whole body permanent physical impairment and loss of physical function to the whole body."

During March 1984, Hayes was examined by Terry Publow, a physical therapist, who reported that Hayes, as a result of the low back pain and muscle spasms experienced by him, was not physically able to return to work.

During July 1985, Hayes was given a comprehensive work tolerance screening by personnel of P.T.–O.T. Associates in Fargo. Their report, filed by Robert Dahl, a registered occupational therapist, and Jeff Wold, a registered physical therapist, concluded in relevant part that as a result of his injuries Hayes' lifting and carrying capabilities place him at the "sedentary light to light range of physical demand characteristics of work" and that he should avoid lifting weights in excess of twenty pounds. The report concluded that Hayes was not currently a candidate to return to his previous employment on the seismograph crew but that his "potential" would improve by involvement in a strengthening and endurance program.

Hayes was also examined at Medcenter One in Bismarck. The report filed by Dr. R.O. Saxvik, M.D., concluded that Hayes was capable of returning to the work force on a "light to light moderate level" with lifting up to fifty pounds and that Hayes would be qualified to do a variety of jobs that do not require heavy lifting. A report filed by Dr. D.M. Larson, M.D., Medcenter One Rehabilitation Center, concludes that with an anti-inflammatory drug and graduated exercise program Hayes would "hopefully" be able to return to work "with

perhaps some limitations on heavy work activity."

The medical evidence in this case is consistent. Dr. Berkebile concluded that Hayes suffered a ten percent whole body impairment and the other medical specialists who examined Hayes, while not providing a percentage impairment estimate, have all concluded that the accident-related back pain experienced by Hayes limits his physical activity and work capability at least to some degree. The Bureau has chosen to disregard this medical evidence, and particularly that of Dr. Berkebile, on the ground that it is based primarily on Hayes' subjective complaints of experiencing pain rather than upon "objective evidence."

It is well settled that the Bureau cannot deny compensation solely because a medical opinion of disability or impairment is based primarily on the patient's complaints of pain which cannot be substantiated by objective medical evidence. *Kroeplin v. North Dakota Workmen's Compensation Bureau*, 415 N.W.2d 807 (N.D.1987); *Lyson v. North Dakota Workmen's Compensation Bureau*, 129 N.W.2d 351, 354 (N.D. 1964). In *Kroeplin, supra*, 415 N.W.2d at 810, we stated in relevant part:

> "In *Lyson* ... this court rejected the Bureau's contention that it was 'liable for compensation to a claimant, ..., only to the extent that his disability may be demonstrated by objective physical findings.' We see no reason to treat impairment differently than disability in this respect.
>
> \* \* \* \* \* \*
>
> "The statutory definition of permanent impairment is not limited to one shown only by objective findings. The Bureau's requirement of objective findings adds a condition to compensability not present in the statute."

Hayes has merely asserted that he is entitled to "payment of benefits" without specifying the amount or nature of those benefits. The Bureau, in its written order, merely concluded that Hayes had failed to prove that he remains disabled or that he is entitled to "further benefits."

Section 65–05–12, N.D.C.C., authorizes payments for permanent impairment to compensate for the loss, loss of use, or partial loss of use of a portion of the body. Section 65–05–10, N.D.C.C., authorizes payments for partial disability to compensate for the loss of earning capacity. These statutory sections provide separate and distinct benefits to compensate an injured worker for loss of earning capacity as well as for the effects, other than occupational, of an injury which impairs a part of the body. *Kroeplin v. North Dakota Workmen's Compensation Bureau*, 415 N.W.2d 807 (N.D.1987); *Buechler v. North Dakota Workmen's Compensation Bureau*, 222 N.W.2d 858 (N.D.1974).

■ In this case there is undisputed medical opinion of permanent partial impairment, and the Bureau has failed to adequately explain its reasons for disregarding that evidence. Consequently, we conclude that a reasoning mind could not reasonably find that Hayes is not entitled to benefits for permanent partial impairment under Section 65–05–12, N.D.C.C. We therefore remand with directions that the Bureau award appropriate benefits to Hayes under that Section for a ten percent impairment.

In view of our determination that the Bureau erred in not finding a permanent partial impairment, we further conclude that this case must be remanded for reconsideration by the Bureau of whether Hayes is also entitled to partial disability benefits under Section 65–05–10, N.D.C.C. *See Jimison v. North Dakota Workmen's Compensation Bureau*, 331 N.W.2d 822, fn. 5 (N.D.1983).

■ Hayes asserts that the Bureau erred in refusing to pay his attorney's costs for traveling to Rapid City, South Dakota to depose Dr. Berkebile. It is within the Bureau's discretion to approve the taking of depositions to be paid for by the Bureau, and each case must be judged on its merits. *See Steele v. North Dakota Workmen's Compensation Bureau*, 273 N.W.2d 692, 702 (N.D.1978). Section 65–02–08, N.D.C.C.; N.D.Admin.Code

§ 92–01–02–07 (1985). The Bureau, concluding that a telephone deposition would have been adequate under the circumstances, paid Hayes' attorney fees for the actual time expended in taking the deposition but refused to pay attorney fees or expenses for the travel involved. We conclude that the Bureau did not abuse its discretion in its limitation of reimbursement for the Dr. Berkebile deposition.

On appeal Hayes has also raised numerous procedural issues, asserting that he was denied a fair hearing process. In view of our determination on the merits, we conclude that it is unnecessary to discuss or resolve those issues.

The order of the district court is reversed and the case is remanded to the Bureau for further proceedings in accordance with this opinion.

MESCHKE and GIERKE, JJ., concur.

·VANDE WALLE, Justice, dissenting.

I do not believe it is "well settled" that the Bureau cannot deny compensation solely because a medical opinion of disability or impairment is based primarily on the patient's complaints of pain which cannot be substantiated by objective medical evidence. At least two members of this court did not reach that issue in *Kroeplin v. N.D. Workmen's Comp. Bureau*, 415 N.W.2d 807, 810 (N.D.1987) (VandeWalle, J., and Erickstad, C.J., concurring in result). In that case I concurred in the result remanding to the Bureau to determine the extent of impairment because the Bureau's decision denying benefits was predicated not on a lack of evidence to substantiate the claim, but on a standard, not adopted as a rule or regulation, which provided that "Guides to the Evaluation of Permanent Impairment" of the American Medical Association was the primary standard for determining permanent impairment and that permanent impairment must be based upon medically or scientifically demonstrable findings.

Here, I believe the issue is one of sufficient evidence to substantiate the claim. The majority opinion summarizes the evidence in what I believe to be the light most favorable to the claim. But that is not the standard which the Bureau must employ nor is it the function of this court on appeal. E.g., *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214 (N.D.1979).

The Bureau's findings include a thorough review of the medical testimony adduced in support of the claim. They reveal that the medical opinions supporting the claim are, for the most part, based upon Hayes's assertion of pain. They further reveal that Hayes's credibility concerning his pain was questionable. These, of course, are exactly the conclusions and inferences the Bureau, as the finder of fact, is entitled to draw. Furthermore, there is medical evidence as well as other evidence in the record to support the Bureau's conclusions. For example, Hayes's ability to ride a motorcycle, swim, travel, fish, water ski, and dance permitted the Bureau to draw an inference that his pain and disability were not so severe as he claimed. An examination by a medical-assessment team, at the behest of the Bureau, indicated that Hayes might be experiencing pain but that the pain did not prohibit him from participating in substantial gainful employment for which he was otherwise suited.

Nor can I conclude, as does the majority, that the "Bureau has failed to adequately explain its reasons for disregarding" the evidence of impairment. To expand on what I refer to above, Finding LVII of the Bureau states in part that Dr. Berkebile's testimony "makes it clear that, to a substantial extent, his opinion and conclusions are based upon facts alleged by Mr. Hayes, facts that were taken to be completely truthful notwithstanding the fact that Dr. Berkebile indicated that he could not really tell whether the history that Mr. Hayes reported is accurate or even whether Mr. Hayes was even having the level of pain that he reported." In Finding LXIX the Bureau, after noting that Mr. Hayes had poor recall of events that would be less supportive of his claim while he remained fairly confident with respect to his recall of events that might substantiate his continued complaints of disabling pain, found that his credibility with respect to his complaints of disabling pain was "deemed questionable at best." Further findings

indicate that Mr. Hayes's motivation for a return to substantial gainful employment is questionable. Several other examples contained in the 23 pages of findings and conclusions might be cited. The above examples are, however, sufficient to adequately explain the reason the Bureau disregarded the medical evidence, to wit, the Bureau did not believe Hayes's complaint of pain and, because the medical evidence was based upon Hayes's statements to the doctors, that medical evidence was not persuasive. Thus, rather than a failure to adequately explain its reasons for disregarding the evidence, as alleged in the majority opinion, it appears that the majority simply does not agree with the Bureau's view of the evidence. But it is in just such instances that we must defer to the Bureau.

The effect of the majority decision and decisions such as *Kroeplin v. N.D. Workmen's Comp. Bureau, supra,* may well make it impossible for the Bureau to disallow a claim for benefits because it believes the claimant is a malingerer or has a compensation syndrome, although both are recognized and documented reasons for denying a claim. See 1B Larson, *Workmen's Compensation Law,* sec. 42.24 (1987).

The Bureau may not arbitrarily disallow a claim using as a reason the credibility of the claimant. Here, however, there was, as noted above, considerable objective evidence upon which the Bureau could determine that Hayes's assertions as to pain, and the resulting medical evidence based upon such assertions, were not credible. Because I believe that under the standard of review set forth in *Power Fuels, Inc. v. Elkin, supra,* the Bureau could have arrived at the decision it did, and because the reasons for disregarding the evidence are set forth in the findings and conclusions of the Bureau, I would affirm the judgment of the district court affirming the decision of the Bureau.

ERICKSTAD, J., concurs.