2006 ND 99

**Karen ZIESCH, Claimant and Appellant**

v.

**WORKFORCE SAFETY & INSURANCE,**
**Appellee**

and

**Aviko USA, LLC, Respondent.**

No. 20050256.

Supreme Court of North Dakota.

May 11, 2006.

Stephen D. Little, Dietz & Little Lawyers, Bismarck, N.D., for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, Bismarck, N.D., for appellee.

MARING, Justice.

[¶ 1] Karen Ziesch has appealed from a judgment affirming an order of Workforce Safety and Insurance ("WSI") denying further disability benefits. We affirm, concluding that WSI's issuance of a lump sum disability award did not violate Ziesch's right to due process and that WSI was not barred by the doctrine of administrative res judicata from denying further disability benefits.

I

[¶ 2] Ziesch injured her back at work in 1995 and filed a claim for workers compensation benefits. Ziesch received disability benefits until September 9, 1997, when WSI determined she was able to return to work. Ziesch did in fact return to work after that date.

[¶ 3] On September 5, 1999, Ziesch again suffered a work-related back injury. She filed a claim for medical benefits on September 14, 1999, but continued working until November 10, 1999. At that point one of her treating physicians took Ziesch off work, and Ziesch filed a claim for disability benefits.

[¶ 4] On December 2, 1999, WSI denied Ziesch's claim, finding that her 1999 injury resulted from her exceeding work restrictions previously set by her doctor. Ziesch requesting a rehearing, and a formal hearing was held on January 12, 2001. The administrative law judge ("ALJ") determined that, although Ziesch had exceeded her work restrictions, she had never been informed of those restrictions and therefore had not intentionally exceeded her restrictions. The ALJ issued recommended findings of fact, conclusions of law, and order recommending that WSI's earlier order denying benefits be reversed. On February 22, 2001, WSI issued an order adopting the ALJ's recommendations.

[¶ 5] Upon reviewing Ziesch's medical records, WSI determined that her treating physicians had advised her to stay off work until December 15, 1999. WSI therefore concluded Ziesch was entitled to disability benefits from November 10, 1999, when one of her doctors first took her off work, until December 15, 1999, when she was released to return to work. On July 11, 2001, WSI issued a Notice of Intention to Discontinue/Reduce Benefits ("NOID") advising Ziesch her disability benefits would be terminated effective December 15, 1999. On October 12, 2001, WSI issued an order determining Ziesch was entitled to a lump sum award of disability benefits for the period between November 10 and December 15, 1999, but not to further disability benefits beyond that date.

[¶ 6] Ziesch again requested a rehearing, alleging that the retroactive NOID and lump sum award violated her right to due process and that WSI was precluded by the doctrine of administrative res judicata from denying further disability benefits. Following a hearing, the ALJ rejected Ziesch's contentions and recommended that WSI's October 12, 2001, order be affirmed. WSI accepted the ALJ's recommendations and, on August 27, 2002, issued an order affirming its prior order.

[¶ 7] Ziesch appealed to the district court, and the district court reversed WSI's August 27, 2002, order and remanded the case with directions that a functional capacity evaluation be performed and that Ziesch be allowed to present additional evidence of disability beyond December 15, 1999. After completion of the functional capacity evaluation, WSI again, in a September 23, 2003, order, determined that Ziesch had failed to show disability beyond December 15, 1999. Ziesch requested a rehearing, which was held on April 20, 2004, before a different ALJ. The

ALJ issued recommended findings of fact, conclusions of law, and order recommending affirmance of WSI's September 23, 2003, order, and WSI adopted the ALJ's recommendation in a June 3, 2004, order. Ziesch again appealed to the district court, which affirmed WSI's order. Ziesch has appealed to this Court, arguing that WSI's issuance of a retroactive NOID and lump sum disability award violated due process and that WSI was barred by administrative res judicata from denying further disability benefits.

## II

■ [¶ 8] Courts exercise a limited review in appeals from administrative agency decisions under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Victor v. Workforce Safety & Ins.*, 2006 ND 68, ¶ 12, 711 N.W.2d 188; *Sorlie v. Workforce Safety & Ins.*, 2005 ND 83, ¶ 7, 695 N.W.2d 453. Under N.D.C.C. § 28–32–46, the district court must affirm an order of an administrative agency unless it finds any of the following are present:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

On appeal from the district court's decision on an administrative appeal, this Court reviews the agency order in the same manner. N.D.C.C. § 28–32–49; *Victor*, at ¶ 12; *Rojas v. Workforce Safety & Ins.*, 2005 ND 147, ¶ 10, 703 N.W.2d 299.

## III

■ [¶ 9] Ziesch contends that her due process rights were violated when WSI in 2001 issued a retroactive NOID advising her that her disability benefits would be terminated effective December 15, 1999.

[¶ 10] In *Beckler v. North Dakota Workers Compensation Bureau*, 418 N.W.2d 770, 773–75 (N.D.1988), this Court held that due process requires WSI to provide pretermination notice and a limited opportunity to respond before terminating a claimant's ongoing disability benefits. *See Nemec v. North Dakota Workers Compensation Bureau*, 543 N.W.2d 233, 237 (N.D.1996). In subsequent cases, however, we have held that our holding in *Beckler* is limited to termination of ongoing, continuing disability benefits, and WSI does not violate due process when it issues a retroactive NOID and a lump sum award of disability benefits for a limited period to a claimant who was not at the time receiving ongoing benefits. *See Sorlie*, 2005 ND 83, ¶ 10, 695 N.W.2d 453; *Nemec*, at 237–38. In *Sorlie*, at ¶ 10 (quoting *Nemec*, at 237–38), this Court noted that *Beckler* expressly applied only to termination of continuing benefits, and did not prohibit issuance of a retroactive NOID and lump sum award of benefits:

This Court [in *Beckler*] held the right to *continuing* disability benefits by a claimant already receiving them was a property right giving rise to due process protection. *Beckler* at 772–773. The Court stressed its holding applied only to termination of continuing benefits, and distinguished a claimant's rights upon an initial determination of a claim. *See Beckler* at 772, 774. This Court concluded the Bureau must provide pre-termination notice and a limited opportunity to respond before retroactively terminating ongoing disability benefits. *See Beckler* at 775.

*Beckler* is clearly distinguishable from this case. Nemec was not receiving benefits on a continuing basis when she was notified her benefits were terminated. The procedure employed here, with the Bureau simultaneously notifying Nemec that she was entitled to disability benefits for a closed five-day period and that benefits would be terminated effective March 18, 1992, was effectively an award of a single lump-sum disability payment for a five-day period. The claimant has a right to rely upon continuing, regular, on-going payments which trigger[] the due process protections under *Beckler*. Those same protections do not apply to a one time lump-sum award of disability benefits for a short, closed period of time.

[¶ 11] There is no material distinction between *Sorlie* and this case. Sorlie was injured in March 2000, and WSI initially accepted his claim and paid disability benefits from June through October 2000. WSI subsequently determined that Sorlie's injury was not work related, and issued an order denying all further benefits. In January 2003 the district court reversed WSI's decision, concluding Sorlie's injuries were work related and remanding to WSI for an award of further benefits. In April 2003 WSI awarded a lump sum disability

benefit for the period October 2000 to February 2002, and simultaneously issued a retroactive notice of intention to discontinue benefits as of February 2002. On appeal, Sorlie contended that the retroactive NOID violated his due process right to pretermination notice and an opportunity to respond. Sorlie sought to distinguish *Nemec* on the ground that his benefits had been wrongfully delayed, and intervention by the district court had been required to correct WSI's initial wrongful denial of benefits. This Court, although noting the differences between Sorlie's case and *Nemec,* concluded that the issuance of the lump sum award and simultaneous notice of intention to discontinue benefits retroactively did not violate Sorlie's due process rights. *Sorlie,* 2005 ND 83, ¶ 12, 695 N.W.2d 453.

[¶ 12] In this case, WSI initially denied Ziesch's claim, but reversed its decision following a hearing. WSI then investigated Ziesch's disability claim and, after determining she was entitled to benefits for a closed, limited period of time, made a lump sum award and issued the NOID. The only difference between this case and *Sorlie* is that here WSI after a hearing reversed its own decision denying benefits, whereas in *Sorlie* a district court reversed WSI's original denial of benefits.

[¶ 13] This Court has consistently held that WSI's practice of issuing a lump sum disability award for a closed, limited period of time and simultaneously issuing a retroactive NOID does not trigger due process considerations if the claimant was not receiving ongoing disability benefits at the time of WSI's decision. Although Ziesch had received disability benefits following her 1995 injury, those benefits were terminated in 1997. Ziesch received no ongoing disability benefits either before or after her 1999 injury which would trigger the

due process protections delineated in *Beckler*.

[¶ 14] Ziesch contends that her situation parallels that of the claimant in *Frohlich v. North Dakota Workers Compensation Bureau*, 556 N.W.2d 297 (N.D.1996). However, this Court in *Frohlich* distinguished *Nemec*, expressly noting that *Nemec* involved a closed five-day period of benefits, whereas Frohlich's "award was a continuous, ongoing grant of benefits." *Frohlich*, at 301. Ziesch's case is governed by *Sorlie* and *Nemec*, not by *Frohlich*.

[¶ 15] We conclude the procedure employed by WSI in this case did not violate Ziesch's right to due process.

### IV

[¶ 16] Ziesch contends that the doctrine of administrative res judicata bars WSI from limiting her disability benefits to the period between November 10 and December 15, 1999. Specifically, Ziesch claims WSI should have been required to raise the issue of the duration of Ziesch's disability at the initial January 12, 2001, formal hearing, and decide the issue in its final order of February 22, 2001. Ziesch contends that, because WSI failed to raise and address this issue at the initial hearing and in its order, WSI is precluded from now attempting to limit the duration of her disability benefits. Relying upon *Cridland v. North Dakota Workers Compensation Bureau*, 1997 ND 223, 571 N.W.2d 351, and *McCarty v. North Dakota Workers Compensation Bureau*, 1998 ND 9, 574 N.W.2d 556, Ziesch argues that WSI is now attempting to relitigate an issue which could and should have been raised and decided at the earlier hearing.

[¶ 17] Administrative res judicata derives from and is similar to judicial res judicata:

Res judicata . . . prohibits relitigation of claims that were raised or could have been raised in a prior proceeding between the same parties or their privies, and which were resolved by a final judgment in a court of competent jurisdiction. The applicability of the doctrine of res judicata is a question of law.

Administrative res judicata is the judicial doctrine of res judicata applied to an administrative proceeding.

*Baier v. North Dakota Workers Compensation Bureau*, 2000 ND 78, ¶ 18, 609 N.W.2d 722 (quoting *Cridland*, 1997 ND 223, ¶¶ 17–18, 571 N.W.2d 351). The purpose of administrative res judicata is to preserve scarce administrative resources and avoid wasteful expense and delay. *See Baier*, at ¶ 23; *Cridland*, at ¶ 13; *Americana Healthcare Center, Inc. v. North Dakota Dep't of Human Servs.*, 513 N.W.2d 889, 891 (N.D.1994). However, administrative res judicata is applied more circumspectly than its judicial counterpart, taking into account (1) the subject matter decided by the administrative agency, (2) the purpose of the administrative proceeding, and (3) the reasons for the later proceeding. *Americana Healthcare*, at 891; *United Hospital v. D'Annunzio*, 466 N.W.2d 595, 599 (N.D.1991).

[¶ 18] Ziesch argues, in effect, that when a claimant requests a hearing on WSI's initial informal denial of a claim, WSI must conduct a full investigation and make a determination of all aspects of the benefits the claimant would be entitled to if the claim is ultimately determined to be compensable. Ziesch reads *Cridland* and its progeny too broadly. Those cases do not suggest that, when the only issue raised in WSI's initial order is whether the claimant was entitled to any benefits, WSI must nevertheless conduct a full investigation of all factual and medical issues relating to the amount of medical benefits to be

allowed, the duration of any disability, and the presence of permanent partial impairment.

[¶ 19] Administrative res judicata must be applied in accordance with its purpose—to conserve scarce administrative resources and avoid wasteful expense and delay. By providing a hearing addressing compensability of the claim and the claimant's entitlement to benefits, and reserving determination of specific amounts of benefits, if necessary, for a later date, WSI has employed a procedure which seeks to ensure a quick determination of a claimant's entitlement to benefits while avoiding unnecessary waste of administrative time, resources, and expenses. If WSI is required to immediately investigate, raise, and decide issues relating to the specific amounts of benefits a claimant may be entitled to if WSI's initial determination of noncompensability is reversed, the ultimate result in many cases will be a great waste of WSI's time and resources, delay of a determination on the fundamental issue of compensability of the claim, and unnecessary complication of the proceedings. This is not, as in *Cridland* and its progeny, a case where WSI has, in effect, held evidentiary ammunition on compensability in reserve, to be brought out if its initial determination denying the claim is reversed. Rather, WSI has logically attempted to draw a distinction between a claimant's entitlement to benefits and the determination of the amount and duration of benefits if, in fact, any benefits are due.

[¶ 20] The result urged by Ziesch would lead to absurd results and would not serve the purpose of the doctrine of administrative res judicata to conserve administrative resources and avoid unnecessary expense and delay. We conclude WSI was not barred by the doctrine of administrative res judicata from determining Ziesch was entitled to disability benefits only for the period between November 10 and December 15, 1999.

V

[¶ 21] The district court judgment affirming WSI's June 3, 2004, order denying further disability benefits is affirmed.

[¶ 22] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.