2006 ND 197

Cindy L. **STENVOLD**, Claimant and Appellant

v.

**WORKFORCE SAFETY AND INSURANCE, Appellee,**

and

**Economy Oil, Respondent.**

No. 20050344.

Supreme Court of North Dakota.

Sept. 14, 2006.

Stephen D. Little, Dietz & Little Lawyers, Bismarck, ND, for claimant and appellant.

Jacqueline Sue Anderson, Special Assistant Attorney General, Fargo, ND, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1]   Cindy Stenvold has appealed from a district court judgment affirming an order of Workforce Safety and Insurance ("WSI") denying her further disability benefits.  We affirm.

### I

[¶ 2]   On June 1, 2000, Stenvold injured her left heel while working as a service station attendant and cashier.  Stenvold was subsequently diagnosed with plantar fasciitis and a heel spur.  In November 2000, Stenvold submitted a claim for workers compensation benefits.  WSI accepted the claim and awarded medical and disability benefits.

[¶ 3]   In April 2001, Stenvold began receiving vocational rehabilitation services.  After it was determined Stenvold had reached maximum medical improvement, WSI approved Stenvold's participation in a skills enhancement program to teach her office procedures and computer basics.  During the course of the skills enhancement program, Stenvold began having problems with her hands and wrists.  Stenvold had previously had surgery for carpal tunnel syndrome on her wrists in 1992 and 1997.  Because of the recurrence of her carpal tunnel difficulties, Stenvold quit the skills enhancement program in January 2002.  In March 2002, WSI issued an order suspending Stenvold's disability benefits for noncompliance with her vocational rehabilitation plan.  Stenvold requested a rehearing and, in February 2003, WSI issued an order revoking its prior order suspending disability benefits and reinstated Stenvold's disability benefits.

[¶ 4]   Stenvold underwent a functional capacities assessment which placed her in the sedentary-light category of work.  A vocational consultant identified a job option of telephone solicitor for Stenvold.  WSI thereafter terminated Stenvold's disability benefits in December 2003, concluding that Stenvold was employable as a telephone solicitor.  Stenvold sought referral to another doctor, who in May 2004 recommended that Stenvold avoid working any job, including telephone solicitor, which required typing or keyboarding.

[¶ 5]   Stenvold requested a formal hearing, which began on August 18, 2004, and was continued and reconvened on September 27, 2004.  On September 16, 2004, in the interim between the two hearings, Stenvold began working part-time as a telephone solicitor.  Following completion of the administrative hearing on September 27, 2004, the administrative law judge ("ALJ") on November 29, 2004, issued recommended findings of fact and conclusions of law determining that Stenvold's rehabil-

itation plan provided her with a reasonable opportunity for substantial gainful employment, and that WSI therefore had not erred in terminating her disability benefits. WSI adopted the ALJ's recommendations as its final order on December 7, 2004.

[¶ 6] On November 9, 2004, Stenvold's doctor reexamined her and diagnosed possible "carpal tunnel syndrome of median nerve compression of the wrist." The doctor ordered a nerve conduction study, which demonstrated nerve damage to her wrists. On December 17, 2004, her doctor advised her to discontinue working. None of this new evidence of Stenvold's disability was presented to the ALJ or WSI before issuance of the final order on December 7, 2004.

[¶ 7] On December 30, 2004, Stenvold submitted a petition for reconsideration from the final order, noting that her doctor had advised her to terminate her employment. WSI did not respond to the petition for reconsideration, and Stenvold appealed to the district court on February 7, 2005. The district court affirmed WSI's December 7, 2004, final order.

## II

[¶ 8] Courts exercise a limited review in appeals from administrative agency decisions under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Ziesch v. Workforce Safety & Ins.*, 2006 ND 99, ¶ 8, 713 N.W.2d 525; *Victor v. Workforce Safety & Ins.*, 2006 ND 68, ¶ 12, 711 N.W.2d 188. Under N.D.C.C. § 28–32–46, the district court must affirm an order of an administrative agency unless it finds any of the following are present:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

On an appeal from the district court's decision on an administrative appeal, we review the agency order in the same manner. *Ziesch*, at ¶ 8; *Victor*, at ¶ 12.

## III

[¶ 9] Stenvold contends WSI has failed to establish by the greater weight of the evidence that she can obtain and perform substantial gainful employment as a telephone solicitor. She argues her unsuccessful work trial in that position and her doctor's subsequent determination that she is unable to perform the physical requirements of the job indicate WSI's decision was in error. However, evidence of the failure of her work trial as a telephone solicitor and of her doctor's December 17, 2004, recommendation that she discontinue working was not before either the ALJ when he issued his recommended decision on November 29, 2004, or WSI when it entered its final order on December 7, 2004. WSI argues this evidence therefore

could not be considered by the district court or by this Court on appeal.

[¶ 10] An appeal of an administrative agency decision to the district court invokes that court's appellate jurisdiction. *In re Beckler*, 2005 ND 33, ¶ 16, 692 N.W.2d 483; *Benson v. Workforce Safety & Ins.*, 2003 ND 193, ¶ 5, 672 N.W.2d 640. The district court's appellate review is expressly limited to the agency record filed with the court. N.D.C.C. §§ 28–32–44(5) and 28–32–46; *Beckler*, at ¶¶ 16–17; *Miller v. Workforce Safety & Ins.*, 2004 ND 155, ¶ 11, 684 N.W.2d 641; *Lewis v. North Dakota Workers Comp. Bureau*, 2000 ND 77, ¶ 9, 609 N.W.2d 445. Section 28–32–45, N.D.C.C., allows a motion to supplement the record, but the district court does not consider the additional evidence and may only remand to the agency for the agency to consider the evidence. *Beckler*, at ¶ 17; *Lewis*, at ¶ 9. Stenvold did not move to supplement the record under N.D.C.C. § 28–32–45.

[¶ 11] We have previously addressed the precise issue raised in this case in *Wright v. North Dakota Workers Comp. Bureau*, 2001 ND 72, 625 N.W.2d 256. In *Wright*, the claimant injured his back and subsequently underwent retraining and vocational rehabilitation. After a formal hearing, the ALJ determined Wright could obtain and perform substantial gainful employment, and recommended discontinuation of further disability benefits. The Bureau issued a final order adopting the ALJ's recommendations on March 7, 2000. In the interim between the hearing and the final order, Wright's doctor had issued a report indicating Wright was permanently disabled from all employment. On March 15, 2000, Wright filed a petition for reconsideration based upon the doctor's report. WSI denied the petition for reconsideration.

[¶ 12] After an unsuccessful appeal to the district court, Wright appealed to this Court, contending he had established he was not presently capable of working. We noted that, under N.D.C.C. § 28–32–06(2) [now codified at N.D.C.C. § 28–32–24(2)], the Bureau generally may not consider evidence which has not been offered, admitted, and made a part of the official record of the proceeding. *Wright*, at ¶ 17. Accordingly, because Wright did not submit evidence of the doctor's report until he petitioned for reconsideration, "the Bureau had no way of knowing the existence of the letter or considering its contents before entering its March 7, 2000, final order." *Id.*

[¶ 13] We noted that Wright could have applied to the district court for leave to offer additional evidence to the Bureau under N.D.C.C. § 28–32–18 [now codified at N.D.C.C. § 28–32–45]. *Wright*, at ¶ 18. Stressing that Wright had "failed to utilize procedures available for making" the doctor's report a part of the record in the case, we concluded the evidence could not be considered on appeal. *Id.* at ¶ 19. We also noted that Wright could still reapply for benefits based on the new evidence. *Id.* at ¶ 19 n. 1.

[¶ 14] Our decision in *Wright* is controlling in this case. The evidence of Stenvold's failed work trial and of her doctor's December 17, 2004, report was not before WSI when it issued its December 7, 2004, final order, and Stenvold failed to utilize available procedures in the district court to make this evidence part of the record on appeal. This evidence therefore may not be considered on appeal.

IV

[¶ 15] Because Stenvold's sole challenge to WSI's final order denying her further disability benefits is based not upon the record of the hearing before the

ALJ but rather upon evidence which is not included in that record, we affirm the district court judgment affirming WSI's final order.

[¶ 16] DALE V. SANDSTROM and MARY MUEHLEN MARING, JJ., and STEVEN L. MARQUART, District Judge, concur.

[¶ 17] The Honorable STEVEN L. MARQUART, District Judge, sitting in place of CROTHERS, J., disqualified.

KAPSNER, Justice, concurring.

[¶ 18] I agree with the legal analysis of the majority and the conclusion it reaches based upon the record before us.

[¶ 19] I write only to note that WSI exercised its discretion to foreclose introducing further evidence on the issue to be decided. The issue was whether the rehabilitation plan provided a reasonable opportunity for gainful employment. The plan was for Stenvold to get a job as a telemarketer/telephone solicitor. Between the interrupted hearing started on August 18 and continued on September 29, Stenvold did get a job as a telemarketer, a job at which she had worked for a week prior to the second hearing date. She testified to the difficulties of pain, burning sensation, and numbness she experienced in her hands at the job. The ALJ made specific findings about the testimony. After only one week on the job, Stenvold offered no expert evidence regarding the difficulties she described. The hearing concluded September 29, the ALJ issued a recommended decision on November 29, and WSI issued its final order on December 7.

[¶ 20] In accordance with N.D.C.C. § 28–32–40, Stenvold requested reconsideration of WSI's final order on December 30. Appended to the request for reconsideration were copies of medical records. Treating those documents as an offer of proof, it appears that if the matter were reopened, Stenvold would be able to introduce evidence that after the hearing she had obtained medical treatment and evaluation of the difficulties experienced at work and a further recommendation regarding continued employment at the job identified in her rehabilitation plan.

[¶ 21] Section 65–05–04, N.D.C.C., provides:

If the original claim for compensation has been made within the time specified in section 65–05–01, the organization at any time, on its own motion or on application, may review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation. There is no appeal from an organization decision not to reopen a claim after the organization's order on the claim has become final.

[¶ 22] WSI chose not to reopen the matter and, as noted by the majority opinion, there was no effort made under N.D.C.C. § 28–32–45 to request the district court remand to introduce additional evidence before the agency. Whether to reopen a matter under N.D.C.C. § 65–05–04 is totally within WSI's discretion and WSI may legally rely on procedural niceties to support its decision not to do so.

[¶ 23] However, when the precise issue to be determined is the appropriateness of a rehabilitation plan and there is evidence relating to the actual position prescribed, it smacks of an adversarial process to refuse to consider such evidence. Stenvold was, at the time of the hearing, engaged in a work trial and WSI was on notice by her testimony that there were problems. This Court has said: "Because the Bureau acts as both a fact finder and an advocate in

considering a worker's claim and in resolving conflicting evidence, we have repeatedly cautioned that the Bureau 'must not place itself in a full adversary position to the claimant.'" *Blanchard v. N.D. Workers Comp. Bureau,* 1997 ND 118, ¶ 23, 565 N.W.2d 485 (quoting *Hayes v. N.D. Workers Comp. Bureau,* 425 N.W.2d 356, 357 (N.D.1988)).

[¶ 24] The Bureau's obligation to adequately consider medical evidence is one distinction from the true adversarial process. *Hayes,* 425 N.W.2d at 357. "The adversarial concept has only limited application to claims for workers compensation benefits, and the Bureau must consider the entire medical record and adequately explain its reason for disregarding medical evidence favorable to the claimant." *Lesmeister v. N.D. Workers Comp. Bureau,* 2003 ND 60, ¶ 20, 659 N.W.2d 350.

[¶ 25] It is regrettable that, under circumstances such as this, WSI would exercise its discretion in such fashion and decline to reopen the record for consideration of further medical evidence.

[¶ 26] Carol Ronning Kapsner, Mary Muehlen Maring.