2008 ND 192

**Rory CLARK, Claimant and Appellant**

v.

**NORTH DAKOTA WORKFORCE SAFETY & INSURANCE FUND, Appellee**

and

**Nabors Drilling, USA, Inc., Respondent.**

No. 20080089.

Supreme Court of North Dakota.

Oct. 24, 2008.

Stephen D. Little, Dietz & Little Lawyers, Bismarck, ND, for claimant and appellant. Submitted on brief.

Jacqueline S. Anderson (argued), Special Assistant Attorney General, Fargo, ND, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Rory Clark appealed from a district court judgment affirming a Workforce Safety and Insurance ("WSI") order awarding him workers compensation benefits on an aggravation basis of 50 percent. We affirm.

## I.

[¶ 2] On April 5, 2006, Rory Clark filed an application for workers' compensation benefits with WSI. The application was filed in connection with an injury sustained to his lower back on October 12, 2005. The injury occurred at Rory Clark's place of employment, where he was working as a driller for a company in Williston.

[¶ 3] Rory Clark has stated he has had lower back pain "off and on during most of his life," and has attributed it to an incident when, as a teenager, he was knocked out by sheep running over a cattle gate. In 1992 he again injured his lower back in a demolition derby, which also caused him to lose sensation in his legs for a brief period of time.

[¶ 4] For the better part of the last decade, Rory Clark has received treatment for recurring lower back pain from Dr. Dean Redington, a chiropractor. Rory Clark's first visit to Dr. Redington was in September of 1999, when he was treated for lower back pain he experienced after lifting an auger. After this injury, he received treatments through October of 1999. Rory Clark made further visits to Dr. Redington from May through September of 2000, complaining of lower back

pain. Dr. Redington noted these visits had not been precipitated by any specific injury, but did note that Rory Clark "does a lot of heavy work" which likely contributed to his back problems. Rory Clark's next visit to Dr. Redington came in December of 2000 for acute pain in his lower back which resulted from an eight mile snowmobile ride over rough terrain. This incident also caused some tingling in his feet. Rory Clark visited Dr. Redington a few times for this injury, and saw improvement over the month of December. However, Rory Clark returned to Dr. Redington in January of 2001 for lower back pain, which the doctor concluded resulted from heavy lifting at work. Treatments for this incident continued throughout the month. Between May of 2001 and September of 2005, Rory Clark was a fairly frequent patient of Dr. Redington's, as he continually sought relief for lower back pain, which was occasionally accompanied by numbness in his legs. After many of these appointments, Dr. Redington noted that the back problems had not stemmed from any specific injury. However, on one occasion, Rory Clark stated that he had hurt his back after lifting a 75 pound weight. During his October 9, 2001 visit, Rory Clark admitted "to aggravating [his back] from time to time."

[¶ 5] On October 12, 2005, Rory Clark twisted his back while at work, sustaining the injury at issue in this matter. This particular injury caused increased pain in his lower back and numbness in both legs. Rory Clark visited Dr. Redington the following day, and kept five additional appointments throughout October for treatment of the injury. Rory Clark appeared to be improving as these appointments progressed; on October 24, Dr. Redington noted that Rory Clark was "not as bad as he was," and on October 31, Dr. Redington wrote that Rory Clark was "very pleased with his progress."

[¶ 6] However, on November 7, Rory Clark returned to Dr. Redington, stating that he had aggravated his back by "lifting about 100 pounds on a rig." After starting to recover from this incident, on November 18 "he sneezed and this precipitated an additional problem." Additional visits followed in November, and in February and March of 2006. That March, Dr. Redington ordered an MRI, which revealed a herniated disc in Rory Clark's lower back, along with degeneration of the lower lumbar discs. Dr. Redington's final analysis of Rory Clark's back problem stressed that there were "substantive pre-existing problems in the same area where he injured his back in October of 2005." Dr. Redington concluded that the October 12 injury "aggravated a documented pre-existing problem in [Rory Clark's] lower back."

[¶ 7] On March 20, 2006, Rory Clark had a coughing spell which caused "such severe exacerbation of pain that he could not get out of bed." He was taken by ambulance to the emergency room of Trinity Hospital in Minot. He told the physician at Trinity that this incident found him in "the worst severe pain he has ever had in his life." On March 22, Rory Clark underwent a partial hemilaminectomy LS–S1 left and removal of herniated nucleus pulposus.

[¶ 8] On April 5, 2006, Rory Clark filed an application for WSI benefits. His claim was reviewed by Dr. Robert Cooper, who determined that Rory Clark had a "long history of recurrent, non-radiating, primarily right sided low back pain from injuries sustained in the remote past." Later, Dr. Cooper would testify that he did not believe that Rory Clark's herniated disc and pain was caused by a new injury sustained on October 12, but rather felt it fit with Rory Clark's general history of back

pain. Determining that the October 12 injury was "a trigger of preexisting condition," WSI denied Rory Clark's claim for benefits. Rory Clark's motion for reconsideration was dismissed on May 11, 2006.

[¶ 9] In July of 2006, Rory Clark visited Dr. Shelley Killen at St. Alexius Medical Center for a consultation. Rory Clark complained of "tingling in his left foot and lateral calf, and occasional charley horses in the left calf," as well as "constant pain" in his lower back. Dr. Killen felt the injuries were related to Rory Clark's employment, and his recent surgeries were only necessitated by the October 12 injury, which she believed had produced a "new onset" of radiculopathy.

[¶ 10] On July 31, 2006, Rory Clark demanded a formal hearing for reconsideration of his workers compensation benefits request. The administrative law judge ("ALJ") weighed the opinions of Dr. Cooper, Dr. Redington, and Dr. Killen in making her decision. Specifically, the ALJ noted Dr. Redington and Dr. Killen had both agreed that Rory Clark's work injury was a substantial factor in his current lower back problem, while Dr. Cooper believed Rory Clark's herniation was caused by a non-work related event subsequent to the October 12 incident. The ALJ concluded "the greater weight of the medical evidence is that Mr. Clark's disk herniation resulted from work induced trauma and not from a spontaneously occurring herniation." The ALJ found Rory Clark had suffered a compensable injury, and WSI adopted the ALJ's findings.

[¶ 11] WSI later remanded back to the ALJ for the sole issue of whether Rory Clark's benefits should be awarded on an aggravation basis pursuant to N.D.C.C. § 65–05–15(1). The ALJ found that, "The preponderance of the evidence shows that Mr. Clark's long history of back pain has finally caught up with him." While again noting that the October 12 incident aggravated a preexisting condition that "interfered with his physical function," the ALJ concluded that Rory Clark had not shown by clear and convincing evidence that "the aggravation to his preexisting condition was greater than 50 percent." WSI again adopted the ALJ's findings. Benefits were then awarded to Rory Clark on an aggravation basis of 50 percent.

[¶ 12] Rory Clark appealed WSI's decision to the district court, arguing his benefits should not be awarded on an aggravation basis. The district court held the agency's decision was supported by the evidence presented before it, and noted, "The fact that Clark disagrees with the conclusions does not means [sic] they are unfounded. The Court does not find the conclusions to be unreasonable." This appeal followed.

## II.

[¶ 13] When WSI matters are appealed to this Court, we review the decision of the agency, and not the decision of the district court. *Engebretson v. N.D. Workers Comp. Bureau*, 1999 ND 112, ¶ 10, 595 N.W.2d 312. We will affirm an agency's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by the findings of fact, its decision is not supported by conclusions of law, or if the decision is not in accordance with the law. *Feist v. N.D. Workers Comp. Bureau*, 1997 ND 177, ¶ 8, 569 N.W.2d 1. We do not substitute our judgment for that of the agency, but rather we determine if a reasonable mind could have determined the factual conclusions reached by the district court were proved by the weight of the evidence from the record. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979).

[¶ 14] In this case, WSI awarded Rory Clark benefits on an aggravation basis under N.D.C.C. § 65–05–15(1), which provides:

In cases of a prior injury, disease, or other condition, known in advance of the work injury, which has caused previous work restriction or interference with physical function the progression of which is substantially accelerated by, or the severity of which is substantially worsened by, a compensable injury, the organization shall pay benefits during the period of acute care in full. The period of acute care is presumed to be sixty days immediately following the compensable injury, absent clear and convincing evidence to the contrary. Following the period of acute care, the organization shall pay benefits on an aggravation basis.

[¶ 15] When WSI pays benefits on an aggravation basis, the amount is calculated according to the percentage which the compensable injury was responsible for the resulting condition. N.D.C.C. § 65–05–15(3). The law begins with a presumption that the compensable injury was 50 percent at fault for the condition, and thus benefits are to be payable on a 50 percent basis. *Id.* If one party contests that the amount of benefits should be at a percentage other than 50 percent, that party may rebut the presumption with clear and convincing evidence to the contrary. *Id.*

[¶ 16] On appeal, Rory Clark admits he has had incidents of low-back pain for years prior to his October 12, 2005 injury. However, Rory Clark argues these prior back ailments were due to muscle soreness, and there was no medical evidence to show he had a herniated disc prior to October 12, 2005. Rory Clark contends his herniated disc was a new injury, unrelated to his prior back problems, and the ALJ erred by not awarding him full benefits following his initial period of acute care.

[¶ 17] The evidence before the ALJ in this matter included testimony by Dr. Killen and Dr. Redington on whether they believed Rory Clark's compensable injury was related to his prior back problems. Dr. Killen believed Rory Clark suffered a new injury on October 12; Dr. Redington believed that Rory Clark's history of back problems was prologue to the October 12 injury, and were aggravated by the compensable work injury. WSI bears the responsibility of weighing the credibility of medical evidence presented in a claim for benefits. *Negaard–Cooley v. N.D. Workers Comp. Bureau,* 2000 ND 122, ¶ 18, 611 N.W.2d 898. If there is conflicting medical evidence presented in a case, some of it favorable and some unfavorable to a claimant, WSI must adequately explain its reason for disregarding the favorable evidence when it reaches a conclusion less favorable to the claimant. *Hayes v. N.D. Workers Comp. Bureau,* 425 N.W.2d 356, 357 (N.D.1988). In her order aggravating benefits, the ALJ weighed the evidence before her, and explained her reason for adopting Dr. Redington's medical opinion:

As to whether the October 12, 2005, incident aggravated a preexisting condition, Dr. Redington is of the opinion that it did and he was in the best position to make that judgment. The evidence shows that Mr. Clark may not have had specific work restrictions placed upon him due to his low back; however, the evidence also shows that Mr. Clark's preexisting low back problems did interfere with his physical function. Mr. Clark's treatment records over a period of many years prior to his work injury reflect loss of range of motion, pain, and numbness in his extremities.... I conclude that the preponderance of the evidence in this case shows that Mr.

Clark's October 12, 2005, injury aggravated a preexisting condition that interfered with his physical function and that the October 12, 2005, work injury substantially worsened that condition. Mr. Clark is therefore entitled to benefits on an aggravation basis as provided in N.D.C.C. § 65–05–15.

[¶ 18] The ALJ was confronted with two different medical opinions, and decided to give Dr. Redington's opinion more weight due to his long-term physician-patient relationship with Rory Clark, which she explained in her order. Furthermore, Dr. Redington's opinion and analysis is supported by Rory Clark's general symptoms. Rory Clark has had a long history of back pain and numbness in his legs, which are the same symptoms he had after his October 12, 2005 injury at work. While there had been no diagnoses of herniation prior to the MRI conducted in March of 2006, no one had conducted tests for herniation.

### III.

[¶ 19] The ALJ had the opportunity to weigh the evidence, and did weigh such evidence. A reasoning mind could agree with WSI's conclusion that Rory Clark's compensable injury was related to his long history of back ailments. We affirm the judgment affirming WSI's award of workers compensation benefits at an aggravation basis of 50 percent.

[¶ 20] WILLIAM W. McLEES, D.J., MARY MUEHLEN MARING, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 21] The Honorable WILLIAM W. McLEES, D.J., sitting in place of CROTHERS, J., disqualified.