# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 76

John Sandberg,                                        Appellee and Cross-Appellant

v.

North Dakota Workforce Safety & Insurance,     Appellant and Cross-Appellee

and

Park Contruction Company,                                        Respondent

## No. 20220354

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REINSTATED.

Opinion of the Court by Jensen, Chief Justice.

Dean J. Haas, Bismarck, ND, for appellee and cross-appellant.

Jacqueline S. Anderson, Fargo, ND, for appellant and cross-appellee.

**Jensen, Chief Justice.**

[¶1]   Workforce Safety and Insurance ("WSI") and John Sandberg appeal from a district court judgment affirming in part and reversing in part an Administrative Law Judge's ("ALJ") decision on remand, entered after our decision in *State by & through Workforce Safety and Insurance v. Sandberg* ("*Sandberg II*"), 2021 ND 39, 956 N.W.2d 342. The ALJ's order affirmed WSI's order accepting Sandberg's claim on an aggravation basis and denying disability benefits. Under our deferential standard of review, we affirm in part and reverse in part the district court's judgment, and reinstate the ALJ's order affirming WSI's notice of decision.

I

[¶2]   Our decisions in *State by & through Workforce Safety and Insurance v. Sandberg* ("*Sandberg I*"), 2019 ND 198, ¶¶ 2-10, 931 N.W.2d 488, and *Sandberg II*, 2021 ND 39, ¶¶ 3-8, set forth the relevant facts and prior proceedings in this case, which we repeat here only to the extent necessary to decide this appeal after remand.

[¶3]   In July 2016, Sandberg filed a claim with WSI for a cervical neck injury. He identified his last day of work with Park Construction and the date of the injury as September 28, 2015. He described how his injury occurred as follows:

> [U]nloading and placing rock with excavator with continuous bouncing, slimming [sic], due to ruff [sic] terrain, with repetitive movement, arms and head continuous movement over long periods of time, arms at my side, hands running joysticks, head moving side to side, up and down, resulting in extreme neck, back and shoulder pain, with numbing in both arms and hands.

*Sandberg I*, 2019 ND 198, ¶ 6. WSI issued a notice of decision denying benefits for his claimed injury. Sandberg requested reconsideration and WSI confirmed its denial of benefits. A hearing was then held before an independent ALJ and

the ALJ concluded Sandberg had met his burden of proving he sustained a compensable injury. The district court affirmed the ALJ's decision.

[¶4]   On appeal, we determined the ALJ had made conflicting and insufficient findings to support the finding that Sandberg's claim was compensable and we were "unable to reconcile the ALJ's decision with the statutory requirements for medical evidence supported by objective medical findings for a compensable injury in N.D.C.C. § 65-01-02(10)." *Sandberg I*, 2019 ND 198, ¶¶ 25-26. We reversed and remanded to the ALJ for findings under the statutory requirements to decide whether Sandberg had sustained a compensable injury. *Id*. at ¶ 26. On remand, the ALJ made additional findings and again held Sandberg met his burden of proving by a preponderance of the evidence that he had sustained a compensable injury. WSI appealed to the district court and the court affirmed the ALJ's order. WSI appealed to this Court.

[¶5]   On the second appeal, we affirmed the "judgment affirming the ALJ's revised order to the extent the order found Sandberg sustained a compensable injury; however, we remand[ed] the case to WSI for further proceedings on whether benefits must be awarded on an aggravation basis under N.D.C.C. § 65-05-15." *Sandberg II*, 2021 ND 39, ¶ 35. On remand, WSI reversed its decision and accepted Sandberg's claim on an aggravation basis and denied Sandberg disability benefits. Sandberg requested a rehearing and the ALJ affirmed the denial of disability benefits. Sandberg appealed to the district court. The court affirmed WSI's determination to award benefits on an aggravation basis and reversed the ALJ's affirmance of WSI's denial of disability benefits concluding WSI exceeded the scope of remand provided in *Sandberg II*. WSI and Sandberg appeal the court's order.

II

[¶6] Courts exercise limited appellate review of a final order by an administrative agency under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32. *Sandberg I*, 2019 ND 198, ¶ 11. Under N.D.C.C. §§ 28-32-46 and 28-32-49, the district court and this Court must affirm an administrative agency's order unless:

2

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46.

[¶7] In reviewing an agency's factual findings, a court may not make independent findings of fact or substitute its judgment for the agency's findings; rather, the court must decide only whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record. *Sandberg I*, 2019 ND 198, ¶ 12 (citing *Davenport v. WSI*, 2013 ND 118, ¶ 11, 833 N.W.2d 500). Similar deference is given to the ALJ's factual findings when reviewing an appeal from an independent ALJ's final order "because the ALJ had the opportunity to observe witnesses and the responsibility to assess the credibility of witnesses and resolve conflicts in the evidence." *Id.* An independent ALJ's legal conclusions are fully reviewable on appeal, including interpretation of a statute. *Id.*

III

[¶8] WSI argues the district court erred in reversing the ALJ's order affirming WSI's denial of disability benefits. The district court reversed the ALJ's order, concluding the denial of disability benefits was beyond the scope

3

of remand provided in *Sandberg II*, 2021 ND 39. In *Sandberg II*, we remanded the case to WSI for further proceedings on whether benefits must be awarded on an aggravation basis under N.D.C.C. § 65-05-15. On remand, WSI determined Sandberg was entitled to benefits on an aggravation basis and determined Sandberg was not entitled to disability benefits.

[¶9]   WSI generally has statutory authority to exercise continuing jurisdiction to reopen and review claims under N.D.C.C. § 65-05-04. *Carlson v. Workforce Safety and Ins.*, 2012 ND 203, ¶ 14, 821 N.W.2d 760. Section 65-05-04, N.D.C.C., provides WSI "at any time, on its own motion or on application, may review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation." However, WSI's continuing jurisdiction is not without limits and may be constrained by the law-of-the-case doctrine.

[¶10] We have discussed proper application of the law-of-the-case doctrine as such:

> [T]he law of the case is defined as the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same. In other words, [t]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and [a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal *or which would have been resolved had they been properly presented in the first appeal.* The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the [appellate court's] mandate into effect according to its terms. . . . and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms.

4

*Sandberg II*, 2021 ND 39, ¶ 19 (quoting *Carlson*, 2012 ND 203, ¶ 16).

[¶11] In *Carlson*, we held this Court's exercise of its continuing jurisdiction on remand was beyond the scope of remand in the first appeal. 2012 ND 203, ¶¶ 17-19. In the first appeal, after deciding a legal question, holding that the employer failed to file a timely and sufficient request for reconsideration, and WSI's notice of decision regarding the claimant's employment status was final, we remanded only for further proceedings on calculation of the claimant's average weekly wage. *Id.* at ¶¶ 17-18. On remand, WSI re-adjudicated the claimant's employment status. In the second appeal, we held that under the law-of-the-case doctrine WSI was precluded from exercising continuing jurisdiction to re-adjudicate the claimant's employment status. *Id.* at ¶ 19. This case is not analogous to *Carlson*.

[¶12] Here, while the remand in *Sandberg II*, 2021 ND 39, ¶ 35, directed WSI to determine whether benefits must be awarded on an aggravation basis, WSI had not previously adjudicated Sandberg's entitlement to disability benefits. In WSI's original notice of decision WSI denied Sandberg's claim in total, and thus, did not reach the issue of disability benefits. This Court has previously reasoned WSI may determine entitlement of benefits on remand when WSI initially denied the claimant's entire claim. In *Ziesch v. Workforce Safety and Ins.*, 2006 ND 99, ¶ 19, 713 N.W.2d 525, this Court concluded:

> If WSI is required to immediately investigate, raise, and decide issues relating to the specific amounts of benefits a claimant may be entitled to if WSI's initial determination of noncompensability is reversed, the ultimate result in many cases will be a great waste of WSI's time and resources, delay of a determination on the fundamental issue of compensability of the claim, and unnecessary complication of the proceedings. This is not, as in *Cridland* and its progeny, a case where WSI has, in effect, held evidentiary ammunition on compensability in reserve, to be brought out if its initial determination denying the claim is reversed. Rather, WSI has logically attempted to draw a distinction between a claimant's entitlement to benefits and the determination of the amount and duration of benefits if, in fact, any benefits are due.

WSI's denial of disability benefits on remand was a permissible exercise of continuing jurisdiction and did not violate the law-of-the-case doctrine. The district court erred in finding WSI had exceeded the scope of the remand and reversing the ALJ's order affirming WSI's denial of disability benefits.

[¶13] Sandberg also argues WSI erred in determining Sandberg was not entitled to disability benefits. After a review of the record, a reasoning mind reasonably could have determined the weight of the evidence proved Sandberg was not entitled to disability benefits.

IV

[¶14] Sandberg argues the ALJ erred in concluding N.D.C.C. § 65-05-15 applies and requires consideration of his injury on an aggravation basis. Section 65-05-15, N.D.C.C., provides as follows:

> When a compensable injury combines with a noncompensable injury, disease, or other condition, the organization shall award benefits on an aggravation basis, on the following terms:
>
> 1. In cases of a prior injury, disease, or other condition, known in advance of the work injury, which has caused previous work restriction or interference with physical function the progression of which is substantially accelerated by, or the severity of which is substantially worsened by, a compensable injury, the organization shall pay benefits during the period of acute care in full. The period of acute care is presumed to be sixty days immediately following the compensable injury, absent clear and convincing evidence to the contrary. Following the period of acute care, the organization shall pay benefits on an aggravation basis.
> 2. If the progression of a prior compensable injury is substantially accelerated by, or the severity of the compensable injury is substantially worsened by a noncompensable injury, disease, or other condition, the organization shall pay benefits on an aggravation basis.

6

3. The organization shall pay benefits on an aggravation basis as a percentage of the benefits to which the injured worker would otherwise be entitled, equal to the percentage of cause of the resulting condition that is attributable to the compensable injury. Benefits payable on an aggravation basis are presumed to be payable on a fifty percent basis. The party asserting a percentage other than the presumed fifty percent may rebut the presumption with clear and convincing evidence to the contrary.

4. When an injured worker is entitled to benefits on an aggravation basis, the organization shall still pay costs of vocational rehabilitation, burial expenses under section 65-05-26, travel, other personal reimbursement for seeking and obtaining medical care under section 65-05-28, and dependency allowance on a one hundred percent basis.

[¶15] The evidence before the ALJ included testimony by Dr. Johnson and Dr. Remmick on whether they believed Sandberg had interference with function prior to the compensable injury. Dr. Johnson testified the degenerative pathology of the cervical and thoracic spine caused interference with function prior to the compensable injury. In contrast, Dr. Remmick testified the pre-existing cervical spine condition did not interfere with physical function.

[¶16] "WSI bears the responsibility of weighing the credibility of medical evidence presented in a claim for benefits." *Clark v. N.D. Workforce Safety and Ins. Fund*, 2008 ND 192, ¶ 17, 757 N.W.2d 39. When there is conflicting medical evidence presented in the case, WSI must adequately explain why it disregarded favorable evidence for the claimant when it reaches a conclusion that is less favorable to the claimant. *Id.* The ALJ explained the reason for adopting Dr. Johnson's medical opinion instead of Dr. Remmick's:

Dr. Remmick's opinion regarding whether the DDD interfered with function appears in conflict with his 2017 opinion. Dr. Johnson's opinion of interference with function is more consistent with the medical records as a whole. Dr. Remmick's change in position and retrospective review and finding of longstanding disability is not consistent with the record or his prior opinions.

7

. . .

> Dr. Johnson's opinion is more persuasive on the issue of whether the DDD impaired function prior to the compensable injury from soft tissue injuries. Her opinion is more persuasive; it is consistent with the medical record as a whole.

[¶17] The ALJ had the opportunity to weigh the conflicting evidence. A reasoning mind could reasonably conclude Sandberg's degenerative disc disease caused previous interference with function, the severity of which was substantially worsened by the compensable injury, and N.D.C.C. § 65-05-15 applies.

V

[¶18] We affirm the district court affirmance of the ALJ's order awarding benefits on an aggravation basis under N.D.C.C. § 65-05-15. We reverse the district court's judgment and reinstate the ALJ's order affirming WSI's denial of disability benefits.

[¶19] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr